# Spigner v. The State.

*Indictment for Assault and Battery.*

1. *Assault and battery; charge to jury as to opprobrious words in extenuation or justification.*—Where, on a trial under an indictment for

[Spigner v. The State.]

assault and battery, the commission of the offense is conclusively shown by the evidence and not denied by defendant, and the only issue in the case is as to the use of opprobrious words or abusive language towards the defendant by the person assaulted, the court commits no error in instructing the jury that if they "believe from the whole evidence that, at or about the time defendant struck Johnson [the person assaulted], said Johnson did not use any opprobrious words or abusive language to defendant, then they must find the defendant guilty;" the court having the right, under the evidence, to assume the commission of the offense, and it being necessary for the jury to believe the fact hypothecated beyond a reasonable doubt, since such fact was defensive matter, with the burden of proving it resting upon defendant.

2. *Same; same.*—In such a case, the court, when so requested, should give charges that are intended to instruct the jury, that if opprobrious words or abusive language were used by the person assaulted towards the defendant, at or near the time of the assault, and the defendant struck on account thereof, they could consider the use of such words or language in extenuation or justification of the assault, as they might determine; or that if, in their judgment, the opprobrium or abuse was sufficient to justify the blow, they could find the defendant not guilty.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellant was indicted, tried and convicted for an assault and battery upon one John W. Johnson.

The testimony in behalf of the State tended to show that the defendant and the said Johnson had some words, in reference to the return of a mule, which the defendant had gotten from Johnson, and that upon Johnson saying to defendant, "You shall not call me dishonest," he grabbed Johnson by the neck and hit him on the head with his fist. The defendant testified in his own behalf that Johnson said to him, "You acted dishonest in keeping the mule;" and that upon defendant saying he could not have returned the mule any sooner, Johnson said to him: "You are a d—d liar," and several other like words, whereupon the "defendant then slapped Johnson, and this ended the fight."

The defendant asked the court to give to the jury the following charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The jury may look to any evidence in the case tending to show that Johnson used opprobrious words or abusive language to defendant at or about the time of the fight,

together with the other evidence in the case, and if they believe such words or language was used, they may consider the same in justification or extenuation of the offense, and may acquit the defendant." (2.) "If the jury believe from the evidence, that at or about the time of the difficulty, Johnson used abusive language or opprobrious words to defendant, they may justify the assault and battery, if one is proven, on account of such language or epithets, and find defendant not guilty."

M. SOLLIE, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—In prosecutions for assaults, assaults and batteries and affrays, the defendant may show, in extenuation or justification of the offense charged, that the person assaulted or beaten used opprobious words or abusive language at or near the time of the assault or affray —Code, § 3749 ; *Brown v. State*, 74 Ala. 42 ; *Prior v. State*, 77 Ala. 56. Whether·the person alleged to have been assaulted here used opprobious words or abusive language toward the defendant at or about the time of the assault was the sole matter at issue on the trial below. All the evidence including the testimony of the defendant himself concurred to establish, and the defendant made no pretense of denying the fact the assault and battery alleged was committed by him. On the issue as to the use of opprobious words by Johnson, the person assaulted, the evidence was directly conflicting. With this state of case before it, the trial court committed no error in instructing the jury that if they believe from the whole evidence that, at or about the time defendant struck Johnson, said Johnson did not use · any opprobious words or abusive language to defendant, they must find the defendant guilty. The court had a right to assume in this charge that "the defendant struck Johnson ;" this was not only proved, but also confessed. And the use by Johnson of opprobious words, being defensive matter in respect of which the burden was upon the defendant to reasonably satisfy the jury, the charge was not bad for that it failed to require belief beyond a reasonable doubt. Indeed, it was too favorable to the defendant in this regard. It should have

required conviction unless the jury were reasonably satisfied that Johnson did use abusive language, &c., at or near about the time of the assault.

Two charges requested by the defendant were addressed to this issue, and were intended to instruct the jury that if opprobrious words or abusive language were used by Johnson towards the defendant, at or near the time of the assault, and the defendant struck on account thereof, they might consider the use of such words or language in extenuation or justification of the assault as they might determine ; and that, if in their judgment the opprobrium or abuse was sufficient to justify the blow, they could find the defendant not guilty. These instructions were not abstract ; the evidence for the defendant tended to support every fact postulated in each of them. The first of them, when referred to the evidence, and the second, by its own terms, postulates every essential ingredient of the statutory defense, and each of them should have been given.

Reversed and remanded.