STATE *vs.* JAMES W. CARVER.

Androscoggin.    Opinion April 1, 1896.

*Assault.    Self-Defense.*

The intent to do harm is an essential element in all criminal prosecutions for assault.

An instruction that a wanton motion, an angry motion, coupled with the ability

at the time, and under the circumstances to do harm, is an assault, and if carried into effect, is an assault and battery, is erroneous inasmuch as it omits the element of intent. The motion may be wanton, made in an angry manner, coupled with an ability to do harm, and yet no harm be intended, and if harm should result may be from pure accident.

A man when assaulted is not required to cowardly flee from danger, but may assert a manly self-defense, necessary for his protection.

An instruction that it is a man's duty, as a good citizen, to preserve the peace; and when he finds he is in danger of being attacked in any way, it is his duty to try every other means, first by retiring, withdrawing from the scene, or by remonstrance or by calling in assistance, is erroneous.

ON EXCEPTIONS BY DEFENDANT.

The defendant was convicted of an assault and battery in the court below and took the exceptions which will be found in the opinion of the court. At the trial, he claimed that all the force which he used was proper in kind and degree, and under the circumstances, perfectly justifiable and consistent with his rights; that he was on a public street, where he had a right to be; that when he was first pushed or struck and knocked off the sidewalk, he was under no obligation to turn and run from the assailant, but he had a right to return to the walk, and, if the assault continued, to repel force with force.

*W. H. Judkins*, County Attorney, for the State.

The first instruction is substantially similar to the language of all the text-book writers. II Addison Torts, § 787; Heard's Crim. Law, p. 371; Rapalje and Lawrence Law Dict. Assault. R. S., c. 118, § 27.

The second instruction excepted to, stating the law of self-defense, is a correct statement of the law both abstractly, and as applied to the evidence in the case at bar. *Rogers* v. *Waite*, 44 Maine, 275, (277); *Hanson* v. *E. & N. A. R. R. Co.*, 62 Maine, 84, (89). "The force used must be suitable in kind, and reasonable in degree." The instruction excepted to, means that, and nothing more.

*J. P. Swasey and Edgar M. Briggs*, for defendant.

Under the instructions the jury were precluded from acquitting the defendant, as he at no time retreated, nor did he remonstrate

nor call in assistance.   Counsel cited: *Runyan* v. *State*, 57 Ind. 57—80, S. C. 26 Am. Rep. 52; *Irwin* v. *State*, 29 Ohio St. 186, 193, 199, S. C. 23 Am. Rep. 733; *Babcock* v. *People*, 13 Colo. 515; *Beard* v. *U. S.* 158 U. S. 550; *State* v. *West*, 45 La. Ann. 14.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, STROUT, JJ.

HASKELL, J.   Indictment for assault and battery.   The defendant was convicted below.   He excepts to two several extracts from the judge's charge, viz:

I.   "Well, no matter how slight this may be, if it amounts to a wanton motion, an angry motion, coupled with the ability at the time, and under the circumstances to do harm, it is an assault, and if carried into effect, it is a battery, assault and battery; but it is indifferent which one it is, because they are both punishable, and are practically the same thing."

This instruction is erroneous inasmuch as it omits the element of intent.   The motion may be wanton, made in an angry manner, coupled with an ability to do harm, and yet no harm be intended, and if harm should result may be from pure accident.

II.   "But a man should never resort to violence in self-defense until necessary.   It is a man's duty, as a good citizen, to preserve the peace; and when he finds he is in danger of being attacked in any way, it is his duty as a good citizen to try every other means, first by retiring, withdrawing from the scene, or by remonstrance, or by calling in assistance; but still, whenever the emergency is so quick, and the danger is so present that there is no time left for anything of that kind, that you can't withdraw in season, and if you think you are liable to be hit in the back if you do withdraw, or are liable to be hit before an officer comes up, and a remonstrance will do no good, then in self-defense of your person and in self-respect, you are authorized to strike the first blow in order to prevent an assault on you."

That a man when assaulted be required to cowardly flee from

danger, and not assert a manly self-defense, necessary for his protection, does not seem to comport with the laws of a free and enlightened people, and as said by the Supreme Court we cannot give our assent to such doctrine. *Beard* v. *United States*, 158 U. S., 550.

*Exceptions sustained.*