STATE OF IOWA, Appellee, v. ED. EVENSON, Appellant.

Assault: SELF DEFENSE: INSTRUCTION. One is not bound to retreat
when threatened with an assault but may repel force with
force so long as he uses only such force as is necessary for his
self-protection, and an instruction that if defendant had a
reasonable opportunity to avoid a conflict when threatened
with an assault, then he had no lawful right to resist, is error.

*Appeal from Worth District Court.*—HON. CLIFFORD P.
SMITH, Judge.

TUESDAY, JANUARY 12, 1904.

THE defendant was indicted for an assault with intent
to inflict great bodily injury. He was found guilty of
assault and battery, and from the judgment entered on
the verdict he appeals.—*Reversed.*

*Blythe, Markley & Rule* and *Cliggitt, Rule & Keeler*
for appellant.

*Charles W. Mullan,* Attorney General, for the State.

BISHOP, J.—On the evening of December 15, 1902, the
defendant, his brother, and two other young men were
together on a side street of the town of Joice, in Worth
county. They had been drinking intoxicating liquor, had
indulged in much profane and obscene language, and
there had been some fighting between them. After the
fight was over, they moved to the main street of the town,
where they stopped in front of a store. Here they con-
tinued their loud and boisterous talk, the same being more
or less interspersed with profanity. In this situation a
crowd of about a dozen citizens appeared on the scene,
armed with horsewhips, and some one of them announced
to defendant and his companions that they would give

them five minutes to get out of town. The defendant responded that "if they did not leave him alone he would lay some one cold." The citizens at once began using their whips on defendant and his companions, and when the whips were used up they resorted to their fists, one of the number also making use of a piece of board. Defendant and his companions were forced back up the street by the onslaught made upon them, defending themselves meanwhile by the use of their fists. As they passed a platform scale standing on the sidewalk, defendant took therefrom the weight hanger, and, swinging it around his head, told the crowd to keep back. At this juncture one of the citizens, named Bilstad, seized the brother of defendant about the body, and the two began to struggle, when defendant stepped up and struck Bilstad with the hanger, the blow being sufficient to fell Bilstad to the walk.

The court, on its own motion, gave an instruction to the jury as follows: "The inhabitants of Joice had no right to drive the defendant and his party out of town by the use of force merely because they were fighting or using bad language in the streets. If the defendant and his party had committed or were committing any public offense, the remedy which the law gave the inhabitants of Joice was to arrest them, and take them before a magistrate, or complain to a magistrate or peace officer. On the other hand, if the defendant and his party had a reasonable opportunity to leave the scene in safety and avoid a conflict with the town people when they approached with whips and threatened the use of force, then the defendant and his party should have taken that course, and avoided a conflict. But if the town people assailed the defendant and his party so that they had no reasonable opportunity, after their intentions were known, to retire or retreat in safety, then they had the right to meet force with force, and defend themselves as in the case of any other assault." This instruction is complained of as error,

the contention of counsel for appellant being that under the law the defendant, when threatened with an assault and battery, was not bound to retreat, but might stand his ground, and repel force with force, so long as he used only such force as was necessary.    We think the doctrine thus contended for is sound. The defendant was rightfully on the streets of Joice, subject only to a lawful arrest for any violation of law on his part.   The instruction rightly holds that the citizens by whom defendant was attacked had no right to either order him to leave town or to make an assault upon him with intent to inflict punishment upon his refusal to comply with their demands.    And this is true without reference to the offensiveness of the previous conduct of defendant or those with whom he was associated. The law makes provision for the punishment of those who violate any of its provisions, and the only right of the citizen was to invoke the process of the law in behalf of decency and good order.    As applied to circumstances such as this record discloses, we do not understand it to be the law that one thus made the subject of attack is bound to retreat if there be time and opportunity to do so. In *State v. Goering*, 106 Iowa, 636, we said: "The rule is elementary that one unlawfully assaulted may in self-protection repel force with force.    The extent to which he may go is to be measured by the chraracter of the assault, but the right, as we have stated it, exists under any and all circumstances." In that case the defendant was being tried for an assault, and self-defense was urged in justification.   In the course of an instruction the trial court told the jury, in substance, that the defendant had no right to defend himself unless it reasonably appeared to him that his life was in danger, or that he was likely to suffer great bodily harm from the assault made upon him. This was held to be error, and we are content with the holding. In effect, the language of the instruction condemned was equivalent to saying to the jury that when

one is assaulted, and the character thereof does not involve life or great bodily injury, the person assaulted, if he does not choose to stand and submit to a battery, must retreat if any way is open to him.   Such is not the law. See, also, *Gallagher v. State*, 3 Minn. 270; *Com. v. Drum*, 58 Pa. 21; *State v. Bartlett*, 170 Mo. Sup. 658 (71 S. W. Rep. 148, 59 L. R. A. 756); *State v. King*, 104 Iowa, 724; McClain's Criminal Law.

We do not overlook the many cases wherein it is held that one may not, under the plea of self-defense, justify the taking of human life, if it reasonably appears that the same could have been avoided by making use of an avenue of escape open to him.   But the principle thus declared upon has no application to a case where, as in the case at bar, one is wrongfully assaulted, and repels force by the use of like force.   In the one case the law regards the liberty of the citizen to come and go as he pleases without molestation, save at the hands of the law, as the thing paramount.   In the other case the law regards the temporary deprivation of the exercise of personal liberty on the part of one citizen as of less importance than is the life of another citizen, and this even though the latter is for the moment engaged in making an unlawful assault upon the former.   Hence the injunction that a person assaulted must retreat, if he can do so in reasonable safety, before resorting to the extreme measure of taking the life of his assailant.

Conceding, therefore, that the provocation for the assault upon defendant was great, still, being wrongful, and the defendant having the right to resist in defense of himself and of his brother, it follows that the instruction given cannot be upheld.

The judgment is reversed, and the cause remanded for a new trial.—REVERSED.