# Beyer *v.* Birmingham Ry. L. & P. Co.

## *Assault on Passenger.*

(Decided February 12, 1914. 64 South. 609.)

1. *Assault and Battery; Passenger; Self-Defense; Plea.*—Where the action was for injury from an assault by the conductor of a street car, pleas alleging that plaintiff and defendant's servants became engaged in a difficulty, as to which the servant was without fault, and that he attempted to repel and prevent an attack upon him, using no more force than was reasonably necessary, stated the essential elements of self-defense and are not demurrable.

2. *Same.*—Where the conductor was not in fact being assaulted when he struck plaintiff, the burden was on the carrier to show that the conductor had reasonable grounds for apprehending a present assault and his honest belief therein.

3. *Same; Duty to Retreat.*—For the purpose of self-defense there is no duty to retreat, where the defense stops short of killing or attempting to kill, and hence, apprehension of serious bodily harm is not an essential element of such self-defense.

4. *Same; Damages.*—The peculiar doctrine of the criminal law with reference to a plea of self-defense in cases of homicide, or assault with intent to kill, is not applicable to a civil action for non-felonious assault; the doctrine being founded on the idea that a man should flee rather than take the life of another.

5. *Carriers; Passengers; Assault by Conductor; Instructions.*—Where the action was for injury to a passenger from assault by a street car conductor, charges that if plaintiff was between the gates of the car when he was struck by the conductor, he was still a passenger, and the relationship of carrier and passenger had not ceased, and that the relationship of carrier and passenger continued

to exist until plaintiff passed from the gates of the car, were misleading, and their refusal proper.

(McClellan, J., dissents in part.)

APPEAL from Birmingham City Court. •

Heard before Hon. CHARLES W. FERGUSON.

Action by Lee Beyer against the Birmingham Railway, Light & Power Company for damages for assault and battery. Judgment for defendant, and plaintiff appeals. Affirmed.

The complaint is based on the fact that plaintiff was a passenger, and that while a passenger the conductor, agent of defendant, while in the exercise or duty of his employment, struck plaintiff with a pistol or other heavy instrument, inflicting the injuries complained of.

The following are the pleas referred to: (2) "For further plea in answer to each count of the complaint separately and severally, defendant says that, on the occasion complained of by plaintiff, plaintiff and defendant's said conductor were engaged in a difficulty; that defendant's said conductor was without fault in bringing on the difficulty; and that, acting on and under a bona fide belief that he was in danger of serious bodily harm from plaintiff, defendant's said conductor attempted to repel or prevent an attack on him then being made by plaintiff, using no more force than was reasonably necessary therefor, and, unless this was wrong, defendant says that it is not guilty of the wrongs and grievances alleged."

(3) "To each count severally and separately defendant says that, on the occasion complained of therein by plaintiff, plaintiff and its said conductor on the car were engaged in a difficulty; that said conductor was free from fault in bringing on said difficulty; that said conductor was in danger of serious bodily harm from plaintiff, and thereupon said conductor attempted to repel plaintiff's attack, using no more force than was reason-

ably necessary therefor, and, unless this was wrong, defendant is not guilty of the wrongs complained of."

The following charges were refused to defendant: (A) "Gentlemen of the jury, I charge you that if plaintiff was between the gates of the car when he was struck by the agent of defendant, if he was struck by him, he was yet a passenger, and the relationship of carrier and passenger had not ceased." (B) "I charge you that the relation of carrier and passenger existed between plaintiff and defendant until plaintiff passed from the gates of the car."

ARTHUR L. BROWN, for appellant. The court erred in overruling demurrers to pleas 2 and 3.—*Continental Co. v. Parker,* 39 South. 204; *Wes. Ry. of Ala. v. Hart,* 160 Ala. 599. The court erred in refusing to give charges A and B requested by defendant.—*A. C. G. & A. R. R. Co. v. Sampley,* 169 Ala. 372; *So. Ry. v. Nelson,* 148 Ala. 88; *Melton v. B. R. L. & P. Co.,* 153 Ala. 95; *Montgomery St. Ry. v. Mason,* 133 Ala. 508. The duty was on the defendant to carry plaintiff safely and to protect him from insult or personal violence.—*Baird v. Bir. R. & E. Co.,* 130 Ala. 334; *Culberson v. Empire C. Co.,* 156 Ala. 41; *A. C. G. & A. v. Sampley, supra.*

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellee. There is no error in the record and the cause should be affirmed on the authority of *B. R. & E. Co. v. Baird,* 130 Ala. 334. The court properly overruled motion for new trial.—*Cobb v. Malone,* 92 Ala. 630.

SOMERVILLE, J.—Pleas 2 and 3 assert that plaintiff and defendant's servant were engaged in a difficulty, as to which said servant was without fault, and that the latter attempted to repel or prevent an attack on him,

using no more force than was reasonably necessary. We think these pleas state the essential elements of self-defense, and were therefore not subject to the demurrrs interposed.

Where the proof is that the alleged self-defender was not in fact being assaulted, it is, of course, necessary for him to show that he had reasonable grounds for apprehending a present assault, and his honest belief therein. Under the pleadings here exhibited, that question was one of evidence merely.

The peculiar doctrines of the criminal law with respect to the maintenance of a plea of self-defense in cases of homicide or assault with intent to kill are not applicable to nonfelonious assaults, but are founded upon the humanitarian idea that, "when it comes to a question whether one man shall flee or another man shall live, the law decides that the former shall flee rather than the latter shall die."—*Eiland v. State,* 52 Ala. 322, 332; *Sullivan v. State,* 102 Ala. 135, 143, 15 South. 264, 48 Am. St. Rep. 22; *Stoball v. State,* 116 Ala. 454, 460, 23 South. 162; *Pierson v. State,* 12 Ala. 149.

The imminence or apprehension of "serious bodily harm" about to be inflicted is an indispensable element of defense to him who would excuse a homicide, or an attempt to commit one. This is so because, as matter of law, the killing of an assailant, without such peril, is excessive self-defense, and is such an abuse of the right as to prevent its valid assertion. For the purposes of self-defense which stops short of killing or attempting to kill, there is no duty to retreat, and no need for the apprehension of serious bodily harm; and it is for the jury to determine in each case whether the defendant's counter assault was protective and justifiable, or retaliatory and unlawful.—*B. R. & E. Co. v. Baird,* 130 Ala. 334, 352, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43.

[Southern Railway Co. v. Haynes.]

Charges A and B were, under the evidence, well calculated to mislead the jury, if, indeed, they did not actually invade their province. There was no error in their refusal.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SAYRE, DE GRAFFENRIED, and GARDNER, JJ., concur.

McCLELLAN, J., holds that the pleas were subject to the demurrers, and he dissents on that proposition.