# Blankenship *v.* The State.

### *Assault and Battery.*

(Decided June 18, 1914.   65 South. 860.)

1. *Assault and Battery; Self-Defense.*—The defense of self-defense is complete where it appears that defendant did not provoke the difficulty, did not fight willingly, but only to repel an attack on him, and that in doing so he used only so much force as was necessary reasonably to repel or prevent such attack.

2. *Same.*—Unless the defendant was free from fault in bringing on the difficulty, he cannot invoke the doctrine of self-defense in a prosecution for assault and battery.

3. *Same.*—A charge on self-defense which ignores the element of freedom from fault in bringing on the difficulty, is faulty, and properly refused.

[Blankenship v. The State.]

4. *Same; Burden of Proof.*—The burden is on defendant to show that he did not fight willingly, but from necessity, and that he used no more force than was reasonably necessary; when this is done the burden shifts to the state to show that he was not free from fault in bringing on the difficulty.

5. *Same; Duty to Retreat.*—The doctrine of retreat as applied to the defense of self-defense in cases of homicide, has no application to, and is not necessary to complete the right of self-defense in assault and battery cases.

6. *Same.*—A charge given for the state asserting that if defendant failed to show that he acted in self-defense, he should be convicted, provided it appears beyond a reasonable doubt that he assaulted and beat a person named, was erroneously given because it failed to define the constituent elements of self-defense.

7. *Same.*—Where the evidence in no way tended to show that defendant permitted the offense of assault and battery because of the use of opprobrious words or insulting language by the person assaulted, an instruction as to self-defense was not objectionable as ignoring the question of the use of such language. (Section 6308, Code 1907.)

8. *Costs; Witness Fees; When Taxable.*—Where there was no showing by the state of a real or reasonably apprehended necessity to use certain witnesses, and they were not examined at the trial, the costs incident to their attendance were not taxable against defendant on conviction.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Roscoe Blankenship was convicted of assault and battery, and he appeals. Reversed and remanded.

The criticism of the charges given for defendant sufficiently indicate the grounds of their refusal. The following charge is charge A, given for the state:

Before the burden is cast upon the state to show that he was the aggressor, defendant must reasonably satisfy the jury of his inability to have safely retreated, and of the other elements of self-defense.

B. If defendant failed to prove that he acted in self-defense, then defendant should be convicted, provided you believe beyond all reasonable doubt that defendant assaulted and beat W. S. Blankenship.

TIDWELL & SAMPLE, for appellant. Charge A was improperly refused to defendant, as were charges B, C,

and D.—*Howell v. State,* 79 Ala. 283. Charges E and F were improperly refused on the same authority. Charge G should have been given for defendant.—*Gibson v. State,* 89 Ala. 121; *Wilks v. State,* 98 Ala. 1; *Holmes v. State,* 100 Ala. 80; *McCormick v. State,* 102 Ala. 156; *Hanson v. State,* 112 Ala. 41. The court erred in giving charge A requested by the state.—*Howell v. State, supra; Spears v. State,* 3 Ala. App. 53; *Spigner v. State,* 103 Ala. 30. The defendant's motion to retax the costs should have been given.—Sections 3684 and 6665, Code 1907.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel discuss the charges given and refused, with insistence that no error was committed therein, but they cite no authority in support of their contention.

THOMAS, J.—The defendant was charged with assault and battery and convicted as charged. He undertook to justify or excuse on the ground of self-defense; and the only questions presented for review arise upon the action of the trial court in refusing certain written charges requested by him relating to the defense mentioned, and in giving certain written charges requested by the state and in overruling defendant's motion to retax certain items of the costs.

As pertaining to one of the questions raised by some of the refused charges, we may say that it is not our understanding of the law that the doctrine of retreat, existing as a part of the law of self-defense in homicide cases, has any application to assault and battery cases, but that in the latter cases the defense is complete if it appears that the defendant did not provoke the difficulty, and did not fight willingly, but only to

repel or prevent the attack made on him, and that, in doing so, he used only so much force as was reasonably necessary to that end. The following cases and many others, as well as text-book writers, uphold this view:— *Howell v. State,* 79 Ala. 283; *Thomason v. Gray,* 81 Ala. 291, 3 South. 38; *Harris v. State,* 123 Ala. 71, 26 South. 515; *Johnson v. State,* 136 Ala. 79, 34 South. 209; *State v. Evenson,* 122 Iowa, 88, 97 N. W. 979, 64 L. R. A. 77; *State v. Carver,* 89 Me. 74, 35 Atl. 1030; *Beard v. United States,* 158 U. S. 550, 15 Sup. Ct. 962, 39 L. Ed. 1086; *Turner v. State,* 55 S. W. 53; 1 Bishop on Crim. Law, § 864, et seq. Of course, if the defendant either brought on the difficulty or if, not having brought it on, he fought willingly at its inception, the law would not justify him in any battery committed upon his adversary, however necessary it might become, until he retires or retreats from that difficulty and thereby revives his right of self-defense.

Self-defense is a common instinct and a natural right, and, as we understand it, means standing one's ground and repelling, as a means of self-protection, unprovoked force with force. The law, as we understand it, preserves this natural right, but, out of regard, not for the assailant, but for the sacredness of human life, has put a limitation upon it in cases of homicide, in that it forbids the individual assaulted without provocation to exercise this right of self-defense to the extent of killing his adversary, even though his own life be in imminent danger at his hands, whenever by retreating he could save himself and thereby avoid the necessity for such killing. This rule of retreat was not designed to inculcate cowardice, nor is it founded upon any consideration, as said, for the supposed rights of an assailant, since, by his own act and volition in attacking without cause, he invites such violence as may be necessary to

repel his attack, and to this extent parts with his right to the law's protection; but the rule is founded upon a desire to protect human life, which, in sacredness and in its importance to the preservation of society, rises above any right the individual has to protect himself by standing and repelling force with force when he could have protected himself by retreating or even running. —*Brewer v. State,* 160 Ala. 72, 49 South. 336; *Harrison v. State,* 78 Ala. 5.

"For when it comes to the question whether one man shall flee or another shall live, the law decides the former shall flee, rather than that the latter shall die."— *Stoball v. State,* 116 Ala. 460, 23 South. 162.

When the reason for the rule ceases, the rule itself ought to cease. In this state we have a statute (Code, § 6308) of long standing which extenuates or even justifies, at the discretion of the jury, a defendant for an assault and battery if he was provoked to the commission of it even by opprobrious words or abusive language. Certainly, when the statute permits one who is merely insulted without cause to stand and resent the insult to such extent, not exceeding a battery, as the jury may deem proper, our decisions ought not to forbid one who is assaulted without cause from standing and resisting such assault with so much opposing force as may be necessary to repel the force offered against him, provided he retreats should the difficulty reach the serious proportions mentioned. If this is not the law, then if one person, without provocation, should attempt to strike another with only his fist that other must run or retreat to the wall, if by doing so he could escape the blow, before he would be justified in striking back with his fist to prevent further fist blows aimed at him.

9 CA

Hence we are clear, under the authorities cited and many of like import outside of this state, that it is not necessary to a justification of an assault and battery on the ground of self-defense to show that defendant could not retreat.

However, our Supreme Court in two recent cases, if not others, have held, in reviewing charges in assault and battery cases relating to self-defense, that the lower court was not in error in refusing such of these charges as ignored the question of retreat.—*Morris v. McClellan*, 154 Ala. 639, 45 South. 641, 16 Ann. Cas. 305; *Caldwell v. State*, 160 Ala. 99, 49 South. 679. In neither case is there a discussion of, or a citation of, authorities upon the proposition, and we feel sure that the court committed itself to the doctrine inadvertently and without considering the difference between homicide cases, wherein the rule was previously established, and assault and battery cases, wherein it had not been established up to that time, so far as we can find. See authorities first cited. Nevertheless we are constrained to follow these later rulings of our Supreme Court, leaving them to correct on certiorari or otherwise the error, if, upon consideration, they deem it error.

Furthermore, while it is clear that the law requires that a defendant cannot be acquitted of a homicide on the ground of self-defense if he was not "entirely or wholly free from fault" in bringing on the difficulty (1 Mayf. Dig. 807, § 8; *Johnson v. State*, 102 Ala. 19, 16 South. 99; *Dennis v. State*, 118 Ala. 73, 23 South. 1002; *Brewer v. State*, 160 Ala. 73, 49 South. 336), yet it is likewise not our understanding that this doctrine applies in assault and battery cases, but that in the latter-named cases a defendant is entitled to an equittal on the ground of self-defense, if he did not "provoke" the difficulty, provided, also, of course, that he fought not

willingly, and used only so much force as was necessary to such defense.—*Howell v. State, supra,* and other cases cited in connection with it.

There is an obvious difference, as pointed out in the following authorities, between not *provoking a difficulty* and *being entirely or wholly free from fault in bringing it on;* since a person may be free from provoking, and yet not · be wholly or entirely free from fault in bringing on a difficulty.—*Gilmore v. State,* 126 Ala. 38, 28 South. 595; *Rose v. State,* 144 Ala. 117, 42 South. 21.

Our Supreme Court, in commenting upon and condemning in a homicide case an instruction, with reference to the right of self-defense, which required only that the defendant should be reasonably free from fault in bringing on the difficulty, said, through BRICKELL, C. J.:

"This court has strenuously insisted upon, and vigorously enforced, the doctrine that the plea of self-defense is not available to a defendant who is not free from fault in the creation of the necessity to take the life, or to do grievous bodily harm to another. * * * The law admits of no qualification of this requirement."—*Crawford v. State,* 112 Ala. 28, 29, 21 South. 214, 223.

It will be noted that the learned judge confines the doctrines to cases where life has been taken or grievous bodily harm done, and he does not extend it to a case of mere assault and battery, in which latter cases it is our understanding that it is necessary only that the defendant did not provoke or bring on the difficulty. Of course, a person runs a risk in any case, even in defending himself in a difficulty that he did not provoke or bring on, unless he was also wholly free from fault in bringing it on, for, if his adversary should push the attack to the extent that it would become necessary for

self-protection to kill him or to do him serious bodily harm, the person doing so could not, as seen, justify the act, because he was not himself entirely free from fault; but in a case where a person, in defending himself, stops with an assault and battery, then, according to our understanding, it is sufficient to his justification on the ground of self-defense, so far as concerns the particular discussed, that the defendant did not provoke or bring on the difficulty.—*Howell v. State, supra,* and cases cited in connection with it.

However, we also find that our Supreme Court in a later case, involving only a prosecution for an assault and battery, in reviewing a charge with respect to self-defense, disposed of it very briefly, without discussion or citation of authority, in these words:

"The words in charge 11 'unless he brought on the difficulty' are not the equivalent of 'free from fault,' and, for this reason, if no other the charge was properly refused."—*Johnson v. State,* 136 Ala. 79, 34 South. 210.

We likewise in this, as in the other instance before mentioned, feel constrained to follow the latest ruling of our Supreme Court, and will do so.

These considerations make it plain that written charges a, b, c, d, e, and f requested by defendant were properly refused, in that each ignores either the question of retreat or the question of freedom from fault in bringing on the difficulty, and that the court did not err in giving written charges A and B requested by the state.

Written charge g requested by defendant was properly refused, in that it misplaces the burden of proof. The burden is upon defendant to show that he fought, not willingly, but from necessity, and that he used no more force than was necessary. It is then shifted to the state to show that he was not free from fault in bringing on

the difficulty.—*Morris v. McClellan,* 154 Ala. 639, 45 South. 641, 16 Ann. Cas. 305.

We are of opinion that the court should have granted the defendant's motion to retax the cost. The bill of exceptions shows that the state's witnesses whose fees were sought to be retaxed by the motion were not examined at all at the trial. In the absence, as here, of a showing by the state of a real or reasonably apprehended necessity to use them, the motion to retax should have been granted.—*Forcheimer v. Kaver,* 79 Ala. 285.

It follows from what we have said that the judgment of conviction is affirmed, and the judgment of the court overruled the motion to retax the cost is reversed, and the cause remanded for further action on the motion in accordance with the views expressed.

Affirmed in part, reversed in part, and remanded.

### ON REHEARING.

Since handing down the foregoing opinion, we find that our Supreme Court in a recent case (*Beyer v. B. R. L. & P. Co.,* 64 South. 609) has expressly decided that the doctrine of retreat has no application and is not necessary to the right of self-defense in assault and battery cases, and this court has, therefore, ex mero motu restored the present case to the docket for reconsideration, and it results upon such reconsideration that our ruling on one of the charges mentioned in the opinion must, as a consequence, be changed. This charge is charge A given at the request of the state, which was erroneous, in that it placed on defendant the duty of retreat.

We may add what we overlooked saying in the original opinion, that the other charge given at the request of the state, charge B, might also have been properly re-

fused because misleading, and because it fails to define the elements of self-defense.—*Davis v. State,* 8 Ala. App. 147, 62 South. 1027.

The charge, however, is not objectionable upon the ground, as urged by defendant on the original submission, that it ignores the question of a consideration by the jury, as provided by section 6308 of the Code, of opprobrious words or abusive language used by the person assaulted towards the defendant, since neither the evidence for the state nor that of the defendant tended in any way to show that the defendant committed the offense because of such a provocation.—*Johnson v. State,* 136 Ala. 76, 34 South. 209; *Spigner v. State,* 103 Ala. 30, 15 South. 892.

All the charges requested by defendant were objectionable in failing to hypothesize the defendant's freedom from fault in bringing on the difficulty.—*Johnson v. State, supra.*

For the error of the court in giving written charge A for the state, the judgment of conviction is also reversed, and the cause remanded.

Reversed and remanded.