# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1914-15

## Matthews *v.* The State.

*Murder.*

(Decided April 8, 1915.  68 South. 334.)

*Homicide; Instructions; Self-Defense.*—Where there was no evidence of any hostile act of deceased, except thrusting his hand into his clothing, coupled with an expression of a threat to kill or harm the defendant, a charge asserting that if defendant shot under a bona fide belief that his life was in danger, and he had, under all the circumstances, a reasonable cause to believe that he was in imminent danger at the moment of firing, he could not be convicted, was faulty as pretermitting the hypothesis of defendant's freedom from all fault in provoking the difficulty, and negativing the fact of his entrance into the fight willingly, and a failure to declare a duty to retreat; such charge is applicable only where the evidence is clear and without conflict or adverse inference that deceased made a sudden, entirely unprovoked, murderous attack on defendant, he being then armed with a deadly weapon, and in the very act of effecting such murderous purpose on defendant.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Boley Matthews, alias, etc., was convicted of murder and he appeals. Affirmed.

W. R. WALKER, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

1—192

McCLELLAN, J.—The defendant was adjudged guilty of murder in the second degree. The victim was Ed Carbon, alias Hickey. The sentence imposed is imprisonment for 25 years. There was evidence tending to make a case of self-defense for defendant.

Able and diligent counsel conducted the defense below and appear on this review. The only possible ground for an argument for error on this record is the court's refusal of the following charge requested for the defendant: "The court charges the jury that, if the defendant shot under a bona fide belief that his life was in danger, and had, under all the circumstances, a reasonable cause to believe that he was in imminent danger at the moment the shot was fired, then, the defendant cannot be convicted."

This charge is a copy of the instruction numbered 2 approved by the majority of this court in *Beasley v. State*, 181 Ala. 28, 34, 35, 661 South. 259. The ruling there made needs restatement.

Except in the character of case to be defined, the charge set out above is faulty in two particulars, viz.: (a) For pretermitting in the hypothesis the defendant's freedom from all fault in provoking the difficulty and the negation of his entrance into the fight willingly; and (b) for omitting appropriately expressed inclusion therein of the duty of retreat where that duty, as our law requires, was due to be observed.

The exception mentioned is where the party slain by the defendant made a sudden, entirely unprovoked, murderous attack upon the defendant; the assailant being then armed with a deadly weapon, and in the very act of effecting upon the defendant such murderous purpose. In such case, where the evidence is clear and without conflict or adverse inference, the law concludes that no duty to retreat rests on the defendant—its

theory being that, under the circumstances, retreat would not serve the humane purpose the law intends to subserve by its exaction of one, wholly without fault in the premises, less immediately and suddenly menaced by an adversary.

In the *Beasley Case*, the majority concluded, as upon the evidence, that the evidence was, without conflict or adverse inference, to the effect that no act or word on the part of Beasley tended in any degree to bring on or to provoke a difficulty, and that White, the person slain, was, when Beasley fired the fatal shot, in the menacing act of pointing his already "cocked" rifle at Beasley. Under these circumstances, the proof being clear that Beasley was free from all fault in provoking the difficulty, and thus suddenly confronted with such murderous menace by White, it was ruled by the majority of the court that charge numbered 2 was not objectionable in that case; and this upon the sole ground that the menacing situation stated exonerated Beasley, who was entirely without fault in the premises, from any duty to retreat. The three dissenting members of the court entertained the opinion that the issue of imminence vel non of Beasley's peril, with reference to the duty and practicability of retreat, was a question for the jury under the evidence, and, in consequence, that charge 2 was well refused, for that in this state of the evidence it improperly pretermitted appropriate declaration of the duty to retreat.

Taken literally and abstractly, the statement of the requested instruction is that one who slays another at a time when that other's action justifies the slayer's bona fide belief that the life of the slayer is then in imminent peril cannot be convicted. So taken, the instruction is manifestly faulty in the two particulars before stated, except when requested in a case plainly

within the single exception we have defined. The opinion in *Storey's Case,* 71 Ala. 329, 336, 337, does not support the substance of the instruction; for, as was pointedly declared in *Hutcheson's Case,* 170 Ala. 30, 31, 54 South. 119, the broad doctrine of exoneration from duty to retreat where the assault is "manifestly felonious in its purpose and forcible in its nature" is distinctly, expressly qualified in succeeding parts of the opinion in *Storey's Case.*

If the requested instruction was ruled to be generally complete and sound, an accused would be entitled to be discharged notwithstanding the evidence showed beyond cavil that he was at fault in bringing on the difficulty or entered it willingly, and that avenue of even obviously safe retreat was open to him: since, obviously, one may be the object of a most murderous assault, entailing the greatest immediate peril, and yet have provoked or invited it, or have available and apparent to him a good avenue of escape from the danger threatening him.

The established, unimpaired doctrine of the duty of retreat is thus set forth in *Jones v. State,* 76 Ala. 17, as upon the authority of *Storey's Case,* and by the author of the opinion in that case: "The apparent necessity which will excuse the taking of human life under the doctrine of self-defense, in cases of homicide, involves two considerations: (1) The defendant himself must have entertained an honest belief in the existence of such necessity; and (2) the circumstances surrounding him must have been such as to impress a reasonable man, under the same state of facts, with the belief of his imminent peril, and of the existence of an urgent necessity to take the life of his assailant, as the only apparent alternative of saving his own life, or else of preventing the infliction of grievous bodily harm."

[Madley v. The State.]

In the case at bar the quoted request was properly refused; for the reason, aside from others, that the only hostile act attributed to the deceased by any phase or aspect of the evidence was the thrusting of the hand into his clothing, coupled with an expression of a threat to kill or to harm the defendant. Certainly, it could not be affirmed as a matter of law that defendant was under no duty to retreat, if the jury concluded that the deceased made a hostile demonstration.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.