(85 South. 877)

TAYLOR v. STATE. (8 Div. 688.)

(Court of Appeals of Alabama. June 16, 1920.)

1. ASSAULT AND BATTERY ☞67—SELF-DEFENSE SHOWN BY FACT ACCUSED DID NOT PROVOKE DIFFICULTY, AND DID NOT FIGHT WILLINGLY.

In cases of assault, assault and battery, and assault with a weapon, the plea of self-defense is complete if accused did not provoke the difficulty and did not fight willingly, and the question of retreat and the necessity of accused's being in danger of losing his life or suffering grievous bodily harm is inapplicable.

2. ASSAULT AND BATTERY ☞96(3)—CHARGE ON SELF-DEFENSE HELD ERROR.

Where accused was indicted for assault with intent to murder, and also assault with a weapon, a charge that "if he was not in danger of losing life or of suffering grievous bodily harm," or "if he had a reasonable mode of escape open to him," he could not set up self-defense, was prejudicial error, accused being convicted of assault with a weapon; for the character of self-defense defined in the charge

was not applicable to the offense of which accused was convicted.

Appeal from Circuit Court, Lawrence County; Robt. C. Brickell, Judge.

Spencer Taylor was convicted of assault with a weapon, and he appeals. Reversed and remanded.

W. T. Lowe and Callahan & Harris, all of Decatur, for appellant.

The court erred in its application of the doctrine of self-defense and freedom from fault to this case. 186 Ala. 56, 64 South. 609; 11 Ala. App. 125, 65 South. 860; 75 South. 641; 160 Ala. 96, 49 South. 679; 122 Iowa, 88, 97 N. W. 979, 64 L. R. A. 77.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

MERRITT, J. [1, 2] The oral charge of the court begins with the following "This defendant is indicted for assault with intent to murder. The indictment also charges assault with a weapon." The court then charged the jury what was necessary to constitute assault with intent to murder, and that the defendant says he acted in self-defense, and then enumerated the elements necessary to constitute self-defense. Among other portions of the court's oral charge, the defendant excepted to the following:

"If he was not in danger of losing life or of suffering grievous bodily harm, he cannot set up self-defense. If he had a reasonable mode of escape open to him, he cannot set up self-defense."

Our courts, both appellate and Supreme, are committed to the proposition that in assault and battery, and assault with a weapon, the plea of self-defense is complete if the defendant did not provoke the difficulty and did not fight willingly, making the question of retreat and the necessity of the defendant being in danger of losing his life or suffering grievous bodily harm inapplicable in such cases. Blankenship v. State, 11 Ala. App. 125, 65 South. 860; Beyer v. B. R., L. & P. Co., 186 Ala. 56, 64 South. 609. This being true, the exception to those portions of the charge were well taken, for the character of self-defense as defined therein was not applicable to all the offenses embraced in the indictment. It cannot be contended that the court in its charge was making the character of self-defense as described therein solely applicable to assault with intent to murder, for in the very beginning the court charged that the indictment embraced assault with intent to murder and assault with a weapon, and even if it had not been charged, this was a fact, and, the indictment embracing both felonious and nonfelonious assaults, and the character of self-defense as to each being

═══════════════════

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

different, and only the characteristics of the defense applicable to the major offense under the indictment being enumerated in the charge, there was evident error in this particular, and we are further forced to this conclusion for that, immediately after the following:

"An assault, gentlemen, with a weapon, is the shooting and attempt to shoot one with a weapon within shooting distance"

—the court made use of this statement:

"The defendant says he acted in self-defense; if he did, as I have defined it to you here, of course he would not be guilty of anything."

There is nothing in the whole charge but what indicates that the same character of self-defense was necessary to a justification of the nonfelonious as to the felonious offenses embraced in the indictment.

The jury found the defendant guilty of an assault with a weapon. The effect of the court's oral charge under consideration was to say to the jury that he could not be heard to set up self-defense to an assault with a weapon unless he was at the time in danger of losing his life or of suffering grievous bodily harm. This is not the law, and may have been injurious to the defendant.

For the error pointed out, the judgment of conviction must be reversed, and the cause remanded.

Reversed and remanded.