(94 South. 53)

THOMPSON v. GILLILAND. (6 Div. 677.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. Assault and battery ⬦67—Testimony in action for assault in explanation thereof held admissible.

In an action for damages for assault and battery with a baseball bat, where, presumably as part of the res gestæ, testimony was admitted of a nearly concurrent attack upon plaintiff's companion, *held*, that the defendant, defending upon the ground that he was attacked, and struck in self-defense, was entitled to enter evidence of an attack by plaintiff's companion.

2. Evidence ⬦116—Testimony in explanation of defendant's flight after assault held admissible.

In an action for damages for assault and battery, testimony of defendant accused that, after the assault, he fled because he heard that plaintiff's father was hunting for him with a gun, *held* admissible in explanation of plaintiff's testimony of flight.

3. Assault and battery ⬦43(2)—In action for damages from assault with intent to kill, instruction as to duty to retreat not error.

In an action for damages for assault with a baseball bat where the defense is self-defense, instruction as to defendant's duty to retreat was not error, since the evidence indicated an assault with intent to kill, and not simple assault and battery.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by W. G. Gilliland, by his next friend, against Dave Thompson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Russell & Johnson, of Oneonta, for appellant.

When one party litigant is permitted to offer evidence on a given issue in a cause, the other party should be allowed to give his version of the same matter. 144 Ala. 373, 39 South. 654. Threats made by the plaintiff against the defendant may be material evidence in a case of assault and battery. 5 C. J. 678; 17 Ala. 664. All the conduct and language of all the parties in the main difficulty, which lead up to, spring out of, or shed light on the main transaction, are part of the res gestæ, and admissible. 88 Ala. 73, 7 South. 52; 130 Ala. 93, 30 South. 474; 72 Ala. 112, 47 Am. Rep. 403. After plaintiff had offered evidence tending to show flight of defendant, it was defendant's right to offer evidence in explanation of his conduct. 58 Ala. 335; 12 Cyc. 396; 146 Ala. 61, 41 South. 624.

Ward, Nash & Fendley, of Oneonta, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellee recovered a judgment against appellant for damages as the result of an assault and battery, and from this judgment the appeal is prosecuted.

Defendant struck the plaintiff on the head with a baseball bat, which, according to some of the witnesses, was about three feet in length and four inches in circumference at the large end. The plaintiff was felled to the ground, his skull crushed, and he did not regain consciousness, according to his own testimony, until after the operation at the infirmary about three days thereafter. This difficulty occurred just following a baseball game between two rival teams.

The evidence for the plaintiff tended to show that at the close of the game he was with his sister and one Charlie Logan, the latter being his first cousin. Logan had his arm in that of plaintiff, and that plaintiff had started home. He did not see the defendant, nor had he had any difficulty with him; no words passed between the two, but just before he was struck he heard one Cornelius (who was jointly sued with the defendant, but in whose favor the jury returned a verdict) say, "If you are going to do anything, now is your chance, Dave," and that it was then that he was struck, but he did not see the blow. Other evidence offered by the plaintiff tended to show that, while plaintiff and Logan were there together, the defendant, from the rear, struck the plaintiff on the

head with a baseball bat, as previously stated, and as the plaintiff fell to the ground the defendant then struck with the same instrument his companion, Logan, also felling him to the ground. Logan testified that as the plaintiff fell that pulled him around, and as he turned he saw the bat in the defendant's hand coming down on him also. The two blows were struck one immediately following the other; one witness placing the two blows at 15 seconds apart, another saying, "As quick as Thompson struck Gilliland, he struck Logan."

While the assault upon Logan was not involved upon the trial of this case, yet this evidence was offered by plaintiff, and presumedly admitted upon the theory that it was a part of the res gestæ, being contemporaneous with the main transaction, and a part thereof. Smith v. State, 88 Ala. 73, 7 South. 52; A. G. S. R. Co. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403; B'ham Macaroni Co. v. Tadrick, 205 Ala. 540, 88 South. 858; 5 Mayf. Dig. pp. 410, 411.

The evidence offered by the defendant was in direct conflict with that of plaintiff. According to his theory, some girls were engaged in a quarrel, and he went to where they were and suggested that they have no trouble there; that immediately the plaintiff made an insulting remark, with some profanity, and started toward him with an open knife in his hand, and it was then he struck the plaintiff with the bat in his left hand. The defendant offered to prove by a number of witnesses, as well as his own testimony, that immediately upon striking the plaintiff, his companion, Logan, advanced upon him with a knife in his hand, and that was the occasion of striking Logan.

[1] Plaintiff objected to this testimony of the defendant, which objection was sustained, and exception reserved. This action of the court constitutes reversible error. It was admissible by way of explanation of the blow struck Logan, and in contradiction of the evidence offered by the plaintiff.

The defendant offered evidence tending to show that plaintiff had made threats against his life. Both of the parties testified they had no difficulty, and the plaintiff insists he made no such threats. Plaintiff also denied he had in his possession a knife at the time the blow was struck. The defendant offered to prove by one Hudson that about 5 or 10 minutes before the difficulty the witness saw the plaintiff with an open knife in his pocket, and remarked to the plaintiff that he might lose it, whereupon the plaintiff pulled it out of his pocket and winked at the witness.

In view of all the facts and circumstances and the conflicting theories of the parties to this cause, we think this evidence was admissible, and that the court erred in declining to hear this proof. 5 Corpus Juris, 665, 666; Hainsworth v. State, 136 Ala. 13, 34 South. 203; Miller v. State, 107 Ala. 40, 19 South. 37.

[2] Plaintiff brought out evidence on cross-examination, of the defendant tending to show that immediately after the difficulty he fled and secreted himself. In explanation of this, defendant offered to show that he was informed that plaintiff's father was searching for him with a gun. The court sustained the plaintiff's objection to this testimony, but we are of the opinion it was admissible by way of explanation of the foregoing testimony as to flight, and that the court committed error in so ruling. Lewis v. State, 96 Ala. 6, 11 South. 259, 38 Am. St. Rep. 75.

[3] There is no merit in the insistence of counsel for appellant to the effect that the court erred in charging the jury as to the defendant's duty to retreat in defining the elements of self-defense. This argument is based upon those authorities treating the question of simple assault and battery—those assaults which are of a nonfelonious character. Beyer v. B. R. L. & P. Co., 186 Ala. 56, 64 South. 609. Such authorities, however, are without influence upon the instant case, as the evidence tends to show an assault with intent to kill—a felonious assault.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.