**HILL v. STATE.**

**2 Div. 527.**

Court of Appeals of Alabama.
April 4, 1933.

A. M. Pitts, of Selma, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

The indictment charged appellant with the offense of assault and battery upon Hallie S. Chapman. Upon the trial of this case he was convicted as charged, and the jury assessed a fine of $300. The fine and cost not being presently paid or judgment confessed therefor, as the law provides, the court sentenced the defendant to perform hard labor for the county for 90 days to pay the fine, and to 92 days to pay the cost at the rate of 75 cents per day. The judgment of conviction from which this appeal was taken is correct and complies with the statute, section 5291, Code 1923. The statute provides: "If the costs are not presently paid or judgment confessed therefor, as provided by law, then the court may impose additional hard labor for the county for such period, not to exceed ten months, as may be sufficient to pay the costs, at the rate of seventy-five cents per day, and the court must determine the time required to work out such costs at that rate." In the

case of Evans v. State, 109 Ala. 11, 19 So. 535, 540, the court said: " * * * The better practice, * * * which ought to be followed is, that the judgment ought to specify the precise amount of the costs, and the number of days the defendant is to serve to pay them, and the sum allowed for each day's service."

Under the evidence, this is not a case where the defendant was entitled to the affirmative charge as contended by his able counsel. There was evidence adduced upon the trial which tended to show that the accused by his acts and words contributed to the situation out of which the difficulty grew. A jury question was therefore presented, for the law is, where there is any evidence tending to make out a case, the defendant may not as a matter of law be entitled to the affirmative charge. Grimes v. State, 24 Ala. App. 378, 135 So. 652 and cases cited.

Charge J refused to defendant was properly refused. The question of retreat is not involved in a plea of self-defense in assault and battery cases. Blankenship v. State, 11 Ala. App. 125, 65 So. 860, on rehearing. Love v. State, 17 Ala. App. 149, 82 So. 639; Taylor v. State, 17 Ala. App. 508, 85 So. 877.

The refusal of charge I to defendant was also without error. The question as to who struck the first blow is not conclusive in a case of this character, for the defendant may by his words and act provoke the difficulty and cause his adversary to strike the blow, in which event, as hereinabove stated, the accused would not be entitled to a directed verdict. A person may not by his own acts or words provoke a difficulty or fight willingly and then invoke. the doctrine of self-defense. Moreover, the substance of this charge was fairly and substantially covered by the oral charge and by charges given at request of defendant.

There is no question presented which involves reversible error in any of the court's rulings. The record is regular and without error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.