26 So.2d 113

DUNFORD v. STATE.

4 Div. 944.

Court of Appeals of Alabama.

May 14, 1946.

J. C. Yarbrough, of Enterprise, for appellant.

Wm. N. McQueen, Atty. Gen., and Willard W. Livingston, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Appellant was indicted and found guilty of the offense of murder in the second degree, and her punishment was fixed at imprisonment in the penitentiary for fifteen years.

The appellant returned to her home in Sessions quarters in Enterprise between 10 and 11 P.M. on the night of 11 March 1945. She was accompained by a man known as Kiddo Cook. She and Cook had been in the house about twenty minutes when deceased, with whom appellant had been "keeping company" for several months, knocked on the door and demanded entrance.

According to appellant she told deceased, whose society she had spurned for some three weeks prior to this difficulty, that she wanted nothing to do with him. Deceased insisted he be let in, so appellant removed a heavy wooden door bar about four and one-half feet long, and admitted deceased.

The deceased entered with an open knife in his hand and when he advanced on her she hit him on the head with the door bar twice before he fell, and once after he fell.

According to defendant's witness Kiddo Cook, appellant hit deceased on the head with the bar just as he entered the doorway. The knife fell from his hand and deceased staggered into the room, whereupon appellant hit deceased on the head with the bar again, knocking him to the floor, and then hit him again after he was on the floor.

The knife which appellant alleges was carried by deceased was received in evidence. This knife according to a brother of deceased, who works in a store where appellant traded, belonged to the appellant and he had seen her remove it from her pocketbook many times when searching in the pocketbook for money and ration points. Another knife, found closed in the inside pocket of deceased's coat when he was undressed at the hospital, was also received in evidence. This second knife was identified by deceased's brother and mother as being owned and regularly carried by deceased for sometime prior to his death.

Sink Bean, a witness for the State, testified that after deceased had been dragged from the house onto the porch he heard appellant say that if he breathed again she would kill him. Gladys Ward, who lived in the adjoining rooms to appellant, testified for the appellant. On cross examination it was elicited from this witness that after appellant had staggered deceased with the first blow he said "Don't hit me baby," and appellant replied "I will kill you, you God damn son of a bitch." Gladys fled at this stage of the fracas.

The defense introduced some evidence tending to establish threats made by deceased against both appellant and Cook shortly prior to this difficulty.

The physician who attended deceased after his admission to the hospital testified that deceased's death in his opinion resulted from the blows inflicted on his head.

The trial court's rulings on objections to certain questions were in each instance so patently correct we deem any comment thereon uncalled for.

Three of the written charges requested by appellant were refused. Charge 1 was the affirmative charge and properly refused. Likewise charges 3 and 4. These charges are bad in failing to hypothesize appellant's freedom from fault in bringing on the difficulty and in failing to negative her entrance into the fight willingly. Matthews v. State, 192 Ala. 1, 68 So. 334. In addition, even had these charges been properly hypothesized their refusal would have been harmless in that the legal principles of self defense were covered fully and in detail by the excellent and adequate oral instructions given to the jury by the learned trial judge.

Affirmed.