283 So.2d 627

**Albert STANDARD**

v.

**STATE.**

**5 Div. 111.**

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

Rehearing Denied Sept. 25, 1973.

John S. Glenn, Opelika, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CLARK, Supernumerary Circuit Judge.

This appeal is from a judgment of the Circuit Court of Lee County adjudging appellant, defendant in that court, guilty of assault with intent to murder and sentencing him to imprisonment for a term of twenty years. The judgment was duly rendered and the sentence imposed by the court after a jury had found defendant guilty of the crime as charged in an indictment, to which he had entered a plea of not guilty.

The evidence leaves considerable doubt as to who was responsible for the melee that erupted early on the night before Christmas eve in 1971 at a certain "place" in Opelika. Some testimony tends to show that defendant was at least partly at fault; some, that Jessie Lee DeNeal, the victim of the alleged crime, was chiefly responsible.

The evidence without dispute shows that Jessie Lee DeNeal withdrew from the embroilment, in which he and the defendant had been active participants and which resulted in bruises of several of the crowd involved, and, according to the police officer who was called to the scene, "several broken window panes and broken bottles all over the floor, chairs overturned, tables overturned." Defendant's own testimony shows that for half a block he chased DeNeal, who was running with defendant running behind him; that defendant stabbed DeNeal in the back with a knife, and he fell; and that defendant fell beside DeNeal and stabbed him again with the knife. There was testimony that the knife used by defendant in stabbing DeNeal was DeNeal's knife, and that he had used it before leaving the "place" and had struck at defendant and cut defendant's shirt as DeNeal came by defendant while defendant was standing on the edge of the porch. DeNeal denied using a knife at any time on the occasion involved. He did admit having a small knife on his person.

There was testimony to the effect that while defendant was on DeNeal after DeNeal had fallen, DeNeal begged defendant not to kill him, and defendant stabbed DeNeal once thereafter; that defendant was pulled off DeNeal, and thereafter defendant said that he "ought to go back and kill him." The defendant denied making such statement. The police officer administered first aid to DeNeal, who was in a semiconscious state, and went with him to the hospital. He observed a stab wound in the lower abdomen and a stab wound on the left upper part of the back of DeNeal. He also observed an eleven or twelve-inch laceration down the side of DeNeal's head. The laceration on the head, according to the undisputed evidence, was caused by being hit by a bottle while in the "place", in the hand of someone other than defendant.

■ The attorney for defendant on the trial asked one of defendant's witnesses the following question:

"Q. What is his reputation in the community about being a bully?"

The person to whom reference was made by the question was Jessie Lee DeNeal, who had testified as a witness for the State. In his brief, counsel for appellant cites "McElroy on Evidence, Vol. 1, p. 156", in counsel's effort to show that reversible error was committed by the trial court in sustaining the State's objection to said question. The reference is inapposite to a pivotal question that is answered adversely to appellant on the point, in 1

McElroy, The Law of Evidence in Alabama, (2d ed.) 38 § 26.02(12), as follows:

"As pointed out in (10) above, in order for a witness to be qualified to testify to another's general reputation in a community, the witness must have been a member of such community or have had a reasonably close connection therewith. In addition, before a witness may testify to the *bad general reputation* of another person, he must first testify that he knows (Richardson v. State, 28 Ala.App. 432, 186 So. 574) or thinks he knows (Carter v. State, 226 Ala. 96, 145 So. 814) such other's general reputation."

Such is our view. Aside from serious questions as to the form and substance of the question and as to whether there was some tendency of the evidence to show self-defense on the part of defendant so as to form a basis for the introduction of evidence of bad general reputation of the victim for turbulence and like traits, we must hold that, as there was no evidence prior to the question that the witness had knowledge of the reputation inquired about, the trial court was correct in sustaining the State's objection to the question.

■ We may here note also that such evidence must be limited to the time of or to a time prior to the alleged offense. Gordon v. State, 140 Ala. 29, 36 So. 1009; McKenney v. State, 17 Ala.App. 117, 82 So. 565.

■ Argument is made in appellant's brief to the effect that the trial court committed prejudicial error in a part of the court's oral charge, which is quoted and emphasized in appellant's brief as follows:

" 'Now, of course, that is his defense of self-defense. The State claims, *of* *course*, that there wasn't any self-defense in this case because he followed him away from the place of the original trouble and attacked him at that time; *he did not retreat* . . .' " (emphasis added in appellant's brief).

Appellant's counsel seems to take the position that the statement "he did not retreat" was stated as a fact by the court or that there was an implication that the court was telling the jury that the defendant did not retreat. In the context of the quoted four words, we do not believe that they carried any implication other than that such was the contention of the State. The quoted four words are followed by a period that is immediately followed by the statement of the court, "The State claims there was no retreat by the defendant over here."

■ Appellant also urges in his brief that error intervened in connection with the following part of the concluding argument of the attorney for the State:

" '. . . . just because you're in danger, you can't kill somebody.' "

None of the context of the quoted part of the argument is shown. Standing alone there is nothing improper about the argument. The attorney for defendant in a protest to the court to the effect that the attorney for the State was misstating the law seemingly took the position that there was no duty to retreat in case of an "assault with intent to kill," with which the trial court disagreed, correctly we think. Thompson v. Gilliland, 208 Ala. 294, 94 So. 53; Beyer v. Birmingham Ry., L. & P. Co., 186 Ala. 56, 64 So. 609; Smith v. State, 45 Ala.App. 48, 223 So.2d 289.

■ Instructions as to the properly qualified duty to retreat are appropriate on a trial on an indictment charging assault with intent to murder. Requested instructions ignoring such duty, such as refused instructions No. 1 and No. 2 requested by defendant, are properly refused. Smith v. State, supra; Barber v. State, 11 Ala.App. 118, 65 So. 842. They are also defective in that they ignore the freedom-from-fault requisite of the right of self-defense. Matthews v. State, 192 Ala. 1, 68 So. 334; Dunford v. State, 32 Ala.App. 340, 26 So. 2d 113.

Our search of the record reveals no error prejudicial to appellant. The judgment appealed from should be affirmed.

The foregoing opinion was prepared by Honorable Leigh M. Clark, Supernumerary Circuit Judge, serving as Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the court.

The judgment below is hereby

Affirmed.

All Judges concur.