# Medlock v. The State.

*Indictment for Murder.*

1. *Homicide; defense of house; charge to jury.*—On a trial under an indictment for murder, where the State's evidence tended to show

[Medlock v. The State.]

that while defendant was in his tenant's house, deceased knocked on the door, and upon being told who it was defendant opened the door and shot the deceased, and the defendant testified that when he opened the door, he ordered deceased to leave, and, upon deceased attempting to draw his pistol, defendant shot him, a charge which instructs the jury that a man has a right to defend himself in his own house and need not retreat, and, if necessary to his safety, may slay his assailant, omitting the hypothesis of defendant's freedom from fault in bringing on the difficulty, is properly refused, since it was open to the jury to find from the evidence that the defendant acted in his own wrong in ordering deceased away, and was, therefore, at such fault as deprived him of the right incident to being in his own house.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant was indicted and tried for the murder of one Adolphus Toler, was convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for twenty-five years.

The only ruling of the trial court presented on the present appeal was the refusal to give the charge requested by the defendant. The facts necessary to an understanding of the charge are sufficiently stated in the opinion. The charge, to the refusal to give which the defendant duly excepted, was as follows : "A man's house is his castle, and he has a right to defend it or himself when in his house from an attack made or threatened by overt acts, and need not retreat, but may stand his ground and defend himself from real or apparent danger, and if necessary to his safety may slay his assailant."

ROBERT C. REDUS, for appellant.—The charge requested by defendant asserted a correct proposition, and should have been given.—*Dabney v. State*, 113 Ala. 38; *Roberts v. State*, 68 Ala. 156; *Correll v. State*, 23 Ala. 28; 1 Russell on Crimes, 662.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The evidence for the State tended to show that deceased came to defendant's house at night and knocked on the outer door of a room thereof which was rented and occupied at the time by Nora Mack, who

[*Ex parte* Chandler.]

does not appear to have sustained other relation to the defendant than a tenant; that Nora Mack was not in at the time; the defendant asked, "Who is that?" and deceased answered, "Toler"; and that thereupon defendant went to the door, opened it and shot Toler, killing him. Defendant testified that when he went to the door he ordered deceased away, saying, "I thought I told you to stay away," to which Toler replied, "Yes, but you have insulted me, and I am going to kill you," and then Toler put his hand on his pistol and he (defendant) shot him. It was clearly open to the jury to find on this evidence that the deceased had a right to knock on the door of and gain admission to the room of Nora Mack without offense to, or hindrance on the part of, defendant. So finding, it was with them further to conclude that the defendant acted in his own wrong in accosting Toler and ordering him away, and hence was at such fault in bringing on Toler's alleged attempt to shoot him as took away his right, otherwise resulting from the fact that he was in his own house, to shoot without effort to retreat. The charge requested by the defendant, in omitting the hypothesis of freedom from fault on his part in bringing about the situation, out of which the necessity to shoot is assumed to have arisen, took this phase of the case away from the jury: it in effect would have required of them an acquittal on the ground of self-defense, even though they should find that the occasion or necessity for the act of defendant in preservation of his own life was the product of his own wrong. It was properly refused.

Affirmed.