# Andrews *v.* The State.

## *Assault.*

(Decided March 2nd, 1907. 43 So. Rep. 196.)

1. *Assault; Indictment; Sufficiency.*—An indictment charging that defendant unlawfully and with malice aforethought assaulted another charges only a simple assault and does not charge the felony.

2. *Criminal Law; Appeal; Record; Review.*—In passing on the validity of a sentence on conviction of crime this court will look to the indictment disclosed by the record and not the one set out in the bill of exceptions.

3. *Same; Punishment; Improper Sentence; Effect.*—The ordinary rule that where the sentence imposed is merely irregular, and

[Andrews v. The State.]

there is no other error, the cause will be revesed and remanded for re-sentence, cannot be invoked where the indictment charges a misdemeanor and a sentence has been imposed as for a felony; in such a case the cause will be reversed and remanded for re-trial.

4. *Assault; Evidence; Admissibility.*—It is permissible to show on a trial for assault that witness examined the house where the shooting took place, saw signs of shots made by bullets, and found cartridges which had been exploded on the side of the path leading from the house of defendant to the house of the person shot at.

5. *Criminal Law; Requests for Instructions; Constructions.*—The bill of exceptions in this case recites that the court refused written charges asked by defendant and marked on the same "refused," the charges are then set out and the recital concludes "to the refusal of the giving of these charges the defendant excepted." Held, a request in bulk and not error unless all the charges were good.

6. *Same; Instructions; Disregarding Evidence.*—An instruction asserting that if the jury had a reasonable doubt growing out of any portion of the evidence as to the guilt of the accused they should acquit, pretermits a consideration of all the evidence and is properly refused.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Cornelius Andrews was convicted of assault to murder, and he appeals. Reversed and remanded.

The exception reserved to the evidence was the error in permitting the state's witness to say that he examined the house where it is alleged the shooting took place, near the middle of the day on which the shooting occurred in the morning, and saw signs of some shots made by bullets which had taken effect in the walls of the house, and that he found and saw cartridges or blank shells which had been shot, and that he picked them up near the side of a path which led from the house of defendant to the house of the person shot at, and about half way between the two houses. The bill of exceptions states: "The court refused the following written charges asked by the defendant, and marked upon the same 'Refused.'" After setting out the charges, it concludes: "To the refusal of the giving of these charges

by the court, the defendant duly and legally excepted."

Charge 1 was as follows: "Before the jury can make a conviction in this case, they must believe from all the evidence beyond all reasonable doubt and to a moral certainty that the defendant Andrews brought on the difficulty, and assaulted Jim Hughes, and shot him, and that he was not justified in the shooting." Charge 3: "If the jury have a reasonable doubt growing out of any portion of the evidence as to the guilt of the defendant, it will be your duty to acquit."

R. H. WALKER, for appellant.—Counsel discusses assignments of error but cites no authority.

ALEXANDER M. GARBER, Attorney-General, for State.— All the charges were properly refused as many were bad. *Johnson v. The State,* 141 Ala. 37; *Yeats v. The State,* 38 South. 760. Charge 1 was bad.—*Mann v. The State,* 134 Ala. 1; *Whatley v. The State,* 39 South. 1014. Charge 3 has been frequently condemned.—*Liner v. The State,* 124 Ala. 4.

ANDERSON, J.—The record in this case presents the following indictment: "The grand jury of said county charge that before the finding of this indictment that Oscar Andrews and Cornelius Andrews unlawfully and with malice aforethought did assault Jim Hughes, against the peace and dignity of the state of Alabama" which is but a simple assault, and punishable under section 4343 of the Code of 1896, yet the defendant was sentenced to the penitentiary for three years, and upon the idea that he was convicted of a felony. The indictment does not support the sentence, and the cause must be reversed.

It is true the bill of exceptions sets out an indictment for an assault to murder; but, as the indictment is a part of the record proper, we are remitted to the one disclosed by the record, rather than the one set out in the bill of exceptions, in passing upon the validity of the sentence. We have a line of decisions holding that where the sentence is merely irregular, and there is no

[Scott v. The State.]

other reversible error, the case will be revrsd and remanded solely for sentence; but we do not care to invoke such a rule in cases where the indictment charges only a misdemeanor and the defendant is sentenced for a felony. The trial court committed no error in the ruling upon the evidence.

The written charges of the defendant were so requested as to render the action of the trial court thereon beyond question, unless all the charges asked were good.—*Verberg v. State*, 137 Ala. 73, 34 South. 848, 97 Am. St. Rep. 17; *Johnson v. State*, 141 Ala. 37, 37 South. 456. It is sufficient to say that charges 1 and 3 were bad. Charge 1 leaves it to the jury to determine what elements would justify the shooting, when they should be set out.—*Whatley v. State*, 144 Ala. 68, 39 South. 1014; *Mann v. State*, 134 Ala. 1, 32 South. 704. Charge 3 pretermits a consideration of all the evidence.

For the erorr above designated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

HARALSON, DOWDELL, DENSON, and McCLELLAN, JJ., concur.