# Hutcheson *v.* The State.

## *Murder.*

(Decided Dec. 22, 1910.    54 South. 119.)

1. *Homicide; Duty to Retreat; In General.*—While, where an attack is manifestly felonious and forcible, one may kill his adversary without retreating, yet the circumstances must raise in his mind a reasonable belief of his imminent danger, and the necessity of killing his antagonist in order to protect himself.

2. *Same.*—Where the wife kills her husband in their mutual dwelling she was protected against retreat and a charge asserting that it was not necessary for her to retreat under the circumstances of this case, was improperly refused.

3. *Charge of Court; Evidence of Character.*—A charge asserting that evidence of the good character of the defendant when supported by other evidence is sufficient to generate a reasonable doubt of guilt, is properly refused as laying too much stress on the evidence of good character.

4. *Same; Abstract.*—In a prosecution for homicide, a charge asserting that there was no evidence that deceased was sitting on a bench when he was shot was not only abstract but argumentative, therefore, erroneous.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Cora Hutcheson was convicted of murder, and appeals. Reversed and remanded. See, also, 156 Ala. 16, 50 South. 1027.

The facts are that Cora Hutcheson's husband was killed, that the killing took place in the home of the deceased and the defendant, and that death resulted from a gunshot wound fired by the defendant. The following charges were refused to the defendant: (10) "I charge you, gentlemen of the jury, that proof of good character by the defendant, when supported by other evidence in the case, is sufficient to generate a reasonable doubt as to the defendant's guilt; and if the jury, or any single member thereof, have such reasonable

doubt, you cannot convict the defendant." (13) "I charge you, gentlemen of the jury, that there is no evidence before you that deceased was sitting on any bench when he was shot." (14) "I charge you, gentlemen of the jury, that the argument of the solicitor as to deceased sitting on a bench was not in evidence in this case." (25) "I charge you, gentlemen of the jury, that it was not necessary for the defendant to retreat, because the facts in the case show that the defendant was in her own castle."

C. L. HYBART, for appellant. Charge 25 should have been given, as under the facts in this case the doctrine of retreat was eliminated as an element of self-defense. —Jones v. The State, 76 Ala. 8; Goodwin v. The State, 102 Ala. 100; Christain v. The State, 96 Ala. 89; Harris v. The State, 96 Ala. 24; Lea v. The State, 92 Ala. 15. Counsel discusses other assignments of error, but without citation of authority.

ALEXANDER M. GARBER, Attorney General, for the State. The court properly refused charges 1 and 25. —Medlock v. The State, 114 Ala. 8. Charge 10 was properly refused.—Scott v. The State, 105 Ala. 59; Springfield v. The State, 96 Ala. 81. The court properly refused charges 13 and 14, since that is not the proper way to raise objection to the solicitor's argument.

EVANS, J.—In the case of Storey v. State, 71 Ala., at the bottom of page 336 Justice Somerville, writing the opinion of the court, it is said: "Where, however, the assault is manifestly felonious in its purpose and forcible in its nature, as in murder, rape, robbery, burglary, and the like as distinguished from secret felonies, like mere larceny from the person, or the picking of

one's pocket, the party attacked is under no obligation to retreat. But he may, if necessary, stand his ground and kill his adversary." This statement, however, is explained and qualified at the bottom of page 337, as follows: "The law requires that the circumstances surrounding the prisoner should have created in his mind a reasonable belief of his own imminent peril, and of an urgent necessity to take the life of his assailant, as the only apparent alternative of saving his own life, or else the infliction of great bodily harm. Such peril must be to all appearances present and immediate, and the belief in the necessity of killing must be well founded and honestly entertained, and of these facts the jury must be the judge." With the last qualification of the first statement above mentioned, it is apparent that charge No. 1 asked by the defendant, and refused by the court, was erroneous and properly refused. The charge does not hypothesize that defendant at the time of the killing honestly entertained the belief that she was in imminent peril, and that there was an urgent necessity to take the life of her assailant in order to save her own life or of preventing the infliction on her, by her assailant, of great bodily harm. Said charge was properly refused.—*Springfield v. State,* 96 Ala. 87, 11 South. 250, 38 Am. St. Rep. 85.

Charge 10, requested by the defendant and refused by the court, was properly refused, as giving too great prominence to the evidence of good character, and failed to bring to the consideration of the jury all of the other evidence in the case.—*Scott v. State,* 105 Ala. 59, 16 South. 925, 53 Am. St. Rep. 100; *Springfield v. State,* 96 Ala. 81, 11 South. 250, 38 Am. St. Rep. 85; *Goldsmith v. State,* 105 Ala. 8, 16 South. 933; *Grant v. State,* 97 Ala. 35, 11 South. 915.

[Wade v. The State.]

Charge 13 asked by defendant was abstract, and states no proposition of law, and was properly refused.

Objection to argument of solicitor could not be raised by written charge. The argument should have been objected to at the time it was made. Charge 14 was therefore properly refused.

Charge 25, requested by the defendant, should have been given. The evidence was without dispute that the killing took place in the dwelling house of both defendant and deceased. Defendant was the wife of the deceased, and they were living together in this house. There must be somewhere a person may stop and defend himself or herself, when they have the right otherwise to do so. The fact that two may live in the same house, have the same dwelling, or place of business does not take away from either in favor of the other the right to stop there and defend himself.—*Jones v. State,* 76 Ala. 8.

For the error pointed out, the case is reversed and remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.