# Madison *v.* State.

## Murder.

(Decided April 6, 1916.  71 South. 706.)

1. Courts; Opinion; Statutes.—Under § 5999, Code 1907, as amended by Acts 1915, p. 595, questions presented by charges refused to defendant on his trial for homicide which involved no new principle of law, require no separate treatment in the opinion on appeal.

2. Homicide; Self Defense.—Charges based on the theory of self defense which pretermit the duty to retreat are faulty.

3. Same; Place.—The fact that at the time of the shooting defendant was in a public road, made no change in the rule as to his duty to retreat.

4. Same; Freedom from Fault.—Where it clearly appeared that the person slain made a sudden and entirely unprovoked attack upon the defendant

[Madison v. State.]

with a deadly weapon, and was in the act of effecting upon defendant such murderous purpose, no duty to retreat rested on defendant.

5. Same.—Charges upon self defense which failed to hypothesize defendant's freedom from fault in bringing on the difficulty, were properly refused.

6. Same; Abandonment of Difficulty.—Where the evidence showed that deceased and defendant had some dispute two hours previous to the fatal encounter in which deceased threatened an assault upon defendant, and defendant thereupon went to his home and subsequently and voluntarily returned and called deceased out of the house, it afforded no ground for instructions on the theory that defendant abandoned the difficulty.

7. Charge of Court; Argumentative.—It is proper to refuse instructions which are argumentative.

8. Same; Undue Emphasis.—It is proper to refuse charges which give undue emphasis or prominence to particular portions of the evidence.

9. Same; Covered by Those Given.—It is not error to refuse charges covered by written charges given.

APPEAL from Lawrence Circuit Court.

Heard before Hon. R. C. BRICKELL.

Joe Madison was convicted of murder in the second degree and he appeals. Affirmed.

R. L. ALMON, and W. H. LONG, JR., for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

GARDNER, J.—Appellant was convicted of murder in the second degree, and sentenced to imprisonment for a period of 35 years. He sought to justify the killing upon the theory of self-defense. No questions are presented for review upon the evidence in the case. The record contains a large number of special charges, both given and refused, none of which are numbered. The oral charge of the court does not appear in the record. The bill of exceptions merely states that: "The presiding judge thereupon charged the jury the law as to the various phases of the case."

(1, 2) The questions presented by the refused charges involve no new principle of law and need no separate treatment here.— Acts 1915, p. 595. Some of them, based upon the theory of self-defense, are faulty in pretermitting the duty to retreat.

(3) From some of the argument and the language of some of the charges it would seem to be one of the contentions that the fact that the defendant at the time of the firing of the fatal

shot was in the public road worked a change in the rule as to his duty to retreat. This, however, is not the case.—*Brake v. State,* 8 Ala. App. 101, 63 South. 11, and cases there cited.

(4) Other charges of like character, pretermitting the duty to retreat, were evidently framed to come within the language used in *Storey's Case,* 71 Ala. 329, wherein reference was made to an assault that was "manifestly felonious in its purpose and forcible in its nature," and to the doctrine of retreat. What was said in *Storey's Case* has received comment and explanation in the recent case of *Matthews v. State,* 192 Ala. 1, 68 South. 334. See also *Hutcheson v. State,* 170 Ala. 29, 54 South. 119, and *Beasley v. State,* 181 Ala. 28, 61 South. 259. Speaking of the exception to the general rule as to the duty to retreat, this court, in *Matthews v. State, supra,* said: "The exception mentioned is where the party slain by the defendant made a sudden, entirely unprovoked, murderous attack upon the defendant; the assailant being then armed with a deadly weapon, and in the very act of effecting upon the defendant such murderous purpose. In such case, where the evidence is clear, and without conflict or adverse inference, the law concludes that no duty to retreat rests on the defendant; its theory being that, under such circumstances, retreat would not serve the humane purpose the law intends to subserve by its exaction of one, wholly without fault in the premises, unless immediately and suddenly menaced by an adversary."

We have carefully considered the testimony in this case, and think it too clear for argument that it lacks the essential elements of the case quoted from above, and that the doctrine of the *Storey Case,* as above qualified and explained, is therefore without application here.

(5) Some of the charges, while hypothesizing that defendant approached the deceased in an orderly and peaceful manner, yet otherwise fail to hypothesize freedom from fault in bringing on the difficulty.—*Scoggins v. State,* 120 Ala. 369, 25 South. 180.

(6) Other charges seem to be based upon the theory of an abandonment of the difficulty by the defendant, although he might have been at fault in bringing it on. But there is nothing in the evidence to support that theory. There is testimony to show that the defendant and the deceased had some dispute, two hours previous to the fatal encounter, in which deceased threatened an assault upon defendant, and that thereupon the latter went to his home, and subsequently returned, of his own volition,

[Dawson v. State.]

and called deceased out of his house. There was clearly nothing in this state of the facts involving the doctrine of abandonment of the difficulty, as contended for by such charges.

(7-9) Many other charges were correctly refused, for being argumentative, or giving undue prominence to portions of the evidence; and some of them were substantially covered by special given charges. Each of the refused charges has been by us given most careful consideration, and in the action of the court thereon we find no reversible error.

An examination of this record fails to disclose any reversible error, and the judgment of conviction is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.