## MURRAY v. STATE. (3 Div. 619.)

(Supreme Court of Alabama. Jan. 24, 1924.)

**1. Criminal law ⬳173—When former "jeopardy" begins.**

Former jeopardy for the same offense, under Const. 1901, § 9, begins when the jury has been impaneled and sworn in a court of competent jurisdiction to try the defendant for the offense charged, and a sufficient indictment for the offense is read to the jury and pleaded to by the defendant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jeopardy (In Criminal Law).]

**2. Criminal law ⬳292(3)—Pleas of former jeopardy held insufficient.**

Pleas of former jeopardy, averring that indictment was read to defendant, and he pleaded not guilty thereto, were not sufficient, and demurrers of the state were properly sustained, as pleas of former jeopardy should allege that, after the jury was selected, impaneled, and sworn, the indictment was read to them and defendant pleaded to it before them.

**3. Jury ⬳110(1)—Solicitor waived right to object to incorrect jury list by failing to call attention of court to it.**

Where clerk of court inadvertently included in list of qualified jurors several who had been disqualified by the court, the solicitor, who knew or could have discovered by the exercise of proper diligence that the list contained names of persons held disqualified by the court,

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by striking from the incorrect list with the defendant, without calling the attention of the court to it until 12 persons were selected by the parties therefrom as a jury, and until they were duly impaneled and sworn by the court as the jury to try the case, waived his right to afterwards object to the entire 12 jurors because they were selected from the incorrect list. and because one of the 12 had been held disqualified by the court because opposed to capital punishment.

**4. Jury ☞110(8)—State could waive right to challenge.**

Where 11 jurors ultimately selected had been held competent and qualified by the court, and one of the 12 had been held disqualified because he was opposed to capital punishment, the right of the state to challenge him therefor could be waived, under Code 1907, § 7278.

**5. Jury ☞70(1)—Court erred in selecting another jury from same venire facias.**

Where court granted motion of solicitor to set aside and discharge jury, he should have either continued the case or set another day of the term of court for the trial of defendant and ordered another and different venire facias for his trial, and it was reversible error to require the selection of another jury from the same venire facias over objection of the defendant, in view of Gen. Acts 1919, p. 1040, § 32.

**6. Homicide ☞300(15)—Instruction properly refused as pretermitting duty to retreat.**

In homicide case *held*, that court did not err in refusing requested charge as pretermitting the duty to retreat in the doctrine of self-defense.

**7. Homicide ☞300(15)—Instruction on self-defense properly refused for failing to define felonious assault.**

An instruction on self-defense, stating that no duty rested on defendant to retreat if deceased was making a felonious assault with a deadly weapon, was properly refused, where it failed to define "felonious assault," and failed to state it was a sudden, entirely unprovoked murderous assault.

**8. Criminal law ☞829(1)—Requested charge covered by other charges properly refused.**

Court did not err in refusing to give requested charge which was fairly and substantially covered by the oral charge of the court, in view of Code 1907, § 5364, as amended by Gen. Acts 1915, p. 815.

Appeal from Circuit Court, Escambia County; John D. Leigh, Judge.

Elmer Murray was convicted of murder in the second degree, and appeals. Reversed and remanded.

Charges 3 and 13, refused to defendant, are as follows:

"(3) The court charges the jury that the law gives a person the right to use such force as may be reasonably necessary under the circumstances by which he is surrounded to protect himself from grievous bodily harm, and, if you are reasonably satisfied from the evidence in this case that at the time the defendant shot Jim Moye the circumstances were such as to impress a reasonable man with the honest belief that he was about to suffer death or grievous bodily harm at the hands of Jim Moye, then the defendant would be justified in taking the life of Jim Moye, provided he was free from fault in bringing on the difficulty.

"(13) If the defendant was free from fault in bringing on the difficulty, and you are reasonably satisfied from the evidence that at the time defendant shot deceased the deceased was making a felonious assault on the defendant with a deadly weapon, and defendant shot deceased because of said assault, then no duty rested on defendant to retreat, and you should find him not guilty."

Hamilton, Page & Caffey, of Brewton, for appellant.

A juror, accepted and sworn, cannot thereafter be set aside or challenged for cause existing at the time of acceptance, unless the disqualification was unknown at the time, and could not have been discovered by the exercise of due diligence on the part of the objector. Harris v. State, 177 Ala. 17, 59 South. 205; Daniels v. State, 88 Ala. 220, 7 South. 337; Cagle v. State, 151 Ala. 84, 44 South. 381; Andrews v. State, 152 Ala. 16, 44 South. 696; State v. Williams, 3 Stew. 454; State v. Morea, 2 Ala. 275; Smith v. State, 55 Ala. 1; Spigener v. State, 62 Ala. 383; Murray v. State, 48 Ala. 675; Carson v. Pointer, 11 Ala. App. 462, 66 South. 910; Munson v. State, 34 Tex. Cr. R. 498, 31 S. W. 387; Rice v. Dewberry (Tex. Civ. App.) 93 S. W. 715; Koenig v. Bauer, 1 Brewst (Pa.) 304, 24 Cyc. 335. A person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction, upon an indictment or information which is sufficient in form and substance to sustain a conviction and a jury has been charged with his deliverance, and a jury, is said to be thus charged when they have been impaneled and sworn. 1 Bishop, Crim. Law (8th Ed.) arts. 1013 (5), 1015, 1020, 1037; Cooley's Const. Lim. (7th Ed.) 467; 8 R. C. L. 138; 16 C. J. 232; Grogan v. State, 44 Ala. 9; Scott v. State, 110 Ala. 48, 20 South. 468; State v. Hughes, 1 Ala. 655. Charges 3 and 13 were correct, and should have been given at defendant's request. Twitty v. State, 168 Ala. 59, 53 South. 308; Crumley v. State, 18 Ala. App. 105, 89 South. 847; Storey v. State, 71 Ala. 329; Beasley v. State, 181 Ala. 28, 61 South. 259; Madison v. State, 196 Ala. 590, 71 South. 706; O'Rear v. State, 188 Ala. 71, 66 South. 81.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The proceedings had not reached a point where defendant was in jeopardy. Scott v. State, 110 Ala. 48, 20 South. 468; Prince v. State, 140 Ala. 158, 37 South. 171; Hawes v. State, 88 Ala. 37, 7 South. 302. Charges 3

and 13 were faulty and properly refused. Twitty v. State, 168 Ala. 59, 53 South. 308; Culver v. State, 207 Ala. 657, 93 South. 521; Madison v. State, 196 Ala. 590, 71 South. 706; Whatley v. State, 144 Ala. 68, 39 South. 1014; Mann v. Steele, 134 Ala. 1, 32 South. 704.

MILLER, J. The defendant, Elmer Murray, was indicted for murder in the first degree at the spring term, 1922, of the circuit court of Escambia county for killing Jim Moye. At this term of the court he was duly arraigned on the indictment, and pleaded to it not guilty, and not guilty by reason of insanity. These pleas were entered of record in the minutes of the court. He was tried on this indictment at the spring term, 1923, of this court, was convicted by the jury of murder in the second degree, and his punishment fixed at 25 years imprisonment in the penitentiary. This appeal is prosecuted from a judgment and sentence of the court based on this verdict of the jury.

The defendant filed six pleas of former jeopardy to this indictment; demurrers of the state to each were sustained by the court. Do either of these pleas aver facts showing the defendant has been in jeopardy for this offense, which will prevent him from being tried again for it? Section 9 of the Constitution clearly states:

"That no person shall, for the same offense, be twice put in jeopardy of life or limb."

[1] The question presented by these pleas is, When does former jeopardy for the same offense begin? Former jeopardy for the same offense begins when the jury has been impaneled and sworn in a court of competent jurisdiction to try the defendant for the offense charged, and a sufficient indictment for the offense is read to the jury and pleaded to by the defendant.

In Prince v. State, 140 Ala. 164, 37 South. 172, this court said:

"Although the jury had been impaneled and sworn, the indictment had not been read to them and pleaded to by defendant. This was not jeopardy."

In Bell v. State, 44 Ala. 394, this rule was declared by the court:

"The weight of authority seems to be that when the jury has been impaneled and sworn, and the indictment read, and pleaded to by the defendant, as in this case, he is entitled to have the trial proceed to its conclusion. If it is then interrupted by an improper discharge of the jury, or other insufficient legal cause, he cannot be tried again." Grogan v. State, 44 Ala. 9.

In that case the complaint had been read to the jury, and the defendant had pleaded to it. This rule was quoted with approval in Scott v. State, 110 Ala. 50, 20 South. 468. See, also, Lyman v. State, 47 Ala. 686.

[2] These pleas aver in substance, each varying some in minor details, that defendant was duly indicted for this offense; he was arraigned on the indictment before the circuit court, and pleaded not guilty to it at the spring term, 1922, of the court, which was entered of record, but the case was not tried at that term. At the spring term, 1923, of this court, a day was set for the trial, and a venire in accordance with the statute was ordered by the court; they were properly drawn and summoned, and on the day set for the trial the jurors were qualified by the court; lists of the names of the jurors were furnished the state and defendant by the clerk under orders of the court, from which to strike and to select a jury. A jury was selected by the state and defendant from this list by striking names therefrom, as the statute directs, until only 12 names were left thereon; these 12 jurors so selected by the state and defendant were then called, duly impaneled, and sworn as the jury to try this defendant for this offense; and the court then, without legal excuse, without consent, and over objection of the defendant, on motion of the solicitor for the state, discharged this jury on the ground the list of qualified jurors from which the names had been stricken to obtain this jury was not a correct list of the qualified jurors, "in that it contained the names of one or more persons who had been disqualified on their voir dire examination." Each plea avers the indictment was read to the defendant at the spring term, 1922, of the court, and he pleaded not guilty thereto. This is not sufficient. The pleas of former jeopardy should have alleged that, after this jury was selected, impaneled, and sworn, the indictment was read to them, and the defendant plead to it before them. Each plea failed to contain this averment. This defect in each plea was fatal to it, and the demurrers of the state pointing it out were properly sustained by the court. Authorities supra.

The parties announced ready for trial; the persons on the venire ordered summoned were called; the court inquired into and passed upon the qualifications of all the persons who appeared in court in response to the summons to serve as jurors, and the court then ordered the names of all those whom the court had held competent jurors to try the defendant to be placed on lists by the clerk of the court. Fifty-eight persons on the venire were pronounced by the court on the examination to be qualified and competent jurors to try the defendant. The clerk placed on the list the names of 58 persons, 54 of these were those qualified as competent by the court; 4 of those pronounced competent by the court were inadvertently left off of this list, and four of those pronounced incompetent, or excused by the court, were inadvertently by the clerk placed on this list. The state's solicitor and defendant's attorney were furnished with a copy of this list;

and they, without objecting to this list, without calling the attention of the court to the errors in it, proceeded to strike from it, as furnished them, in the presence of the court as the statute directs, until 12 names were left thereon; then these 12 were duly impaneled and sworn as jurors to try this case. One of these 12, J. Frank Ward, had been held disqualified by the court because he stated on his voir dire examination that he was not in favor of capital punishment; and the other 11 jurors were of those held qualified and competent by the court.

On motion of the solicitor for the state, which was resisted and objected to by the defendant, it was ordered and adjudged by the court that this jury "be and hereby is vacated, set aside, and discharged"; the clerk was directed and ordered by the court to prepare a new and correct list of the qualified jurors for the state, and defendant to select a jury from it. The defendant objected and excepted to these orders of the court. And, it appearing to the court that the clerk had no correct list of the jurors that had qualified, the court over objection and exception of the defendant proceeded to recall the names of all persons on the venire, including the names of the 12 jurors sworn and discharged, for the purpose of examining them as to their qualifications as jurors to try this defendant. It appeared to the court that some persons on the venire had been excused, others had gone home, after proving their attendance, so the court ordered the sheriff "to summons back said jurors to court for the purpose of examining them touching their qualifications as jurors to try this case." The court, over objection and exceptions of the defendant, proceeded to re-examine all of the persons on the venire, touching their qualifications as jurors; the court found and held 59 were competent and qualified; a list of these 59 persons, under direction of the court, was made out by the clerk and delivered to the solicitor for the state and the attorney for the defendant; and the defendant over his objection and exception was required by the court to strike and select a jury from this list under the statute for the trial of the defendant. The 12 persons left after striking were sworn as jurors, and tried this defendant over his objections and exceptions, found him guilty of murder in the second degree, and fixed his punishment at 25 years in the penitentiary. The personnel of this jury was different in part from the other jury, which was discharged.

[3] The persons on the venire appearing in court were duly examined in open court touching their qualifications as jurors by the court in the presence of the solicitor for the state, the defendant, and his attorney, before the first jury was selected. The solicitor knew or could have discovered, by the exercise of proper diligence, that the first list of jurors from which the first jury was selected contained names of persons on the venire held disqualified by the court, and left off some names of persons of the venire who were held qualified by the court. The solicitor, by striking from this incorrect list with the defendant, in the presence of the court, without calling the attention of the court to it, until after 12 persons were selected by the parties therefrom as a jury, and until they were duly impaneled and sworn by the court as the jury to try this case, waived his right to afterwards object to the entire 12 jurors, because they were selected from this incorrect list, and because one of the 12 had been held disqualified by the court as he was opposed to capital punishment. Smith v. State, 55 Ala. 1; Daniels v. State, 88 Ala. 222, 7 South. 337; Harris v. State, 177 Ala. 17, 59 South. 205; Cagle v. State, 151 Ala. 84, h. n. 2, 44 South. 381; Andrews v. State, 152 Ala. 16, 44 South. 696.

[4] The entire 12 jurors thus selected were each on the venire facias. Eleven had been held competent and qualified by the court. The court held one of them was disqualified because he was opposed to capital punishment. The right to challenge him therefor could be waived by the state. Section 7278, Code 1907; Murphy's Case, 37 Ala. 142; Lyman's Case, 45 Ala. 78; Wesley's Case, 61 Ala. 282; Harrison's Case, 79 Ala. 29; Smith v. State, 55 Ala. 1.

[5] The court erred when it sustained the motion of the state to discharge this jury over objection and without consent of the defendant. The motion came too late. Authorities supra. These persons thus selected became the jury from this venire for the trial of the defendant. After they were thus selected, impaneled, and sworn, the other persons on the special venire were automatically discharged as special jurors in this case, and the other persons on the regular venire were automatically relieved of jury duty in this case. Their duties in this case had ended. For other obvious reasons they should not be placed on the state and defendant again to select the jury. Each had shown their choice of the men on the list to each other for the trial of the defendant. Section 32, Act 1919, Gen. Acts 1919, p. 1040, and authorities supra.

The court, after granting the motion of the solicitor to vacate, set aside, and discharge this jury, should have either continued the case or set another day of the term of court for the trial of the defendant, and ordered another and different venire facias for his trial, in accordance with the statute. The objections of the defendant to selecting another jury from this same venire facias should have been sustained by the court. This was reversible error. Section 32 of the Act in Gen. Acts 1919, p. 1040, and authorities supra.

The defendant insists written charge 2, re-

quested by the state and given by the court, was error. This we need not discuss, as the judgment must be reversed, and the argument of the defendant's attorney may be different on another trial, and this charge may not be asked by the state; if so, it may be presented in different words.

[6] The court did not err in refusing written charge 3 requested by the defendant. It pretermits the duty to retreat in the doctrine of self-defense. Madison v. State, 196 Ala. 590, 71 South. 706. The principle of law attempted to be declared by it was fairly and substantially covered by given charges 2 and 18, requested by the defendant, and given by the court. Section 5364, Code 1907, as amended Gen. Acts 1915, p. 815.

[7] Written charge 13 requested by the defendant was properly refused by the court. It fails to define "felonious assault," and fails to state it was a sudden, entirely unprovoked, murderous assault. It improperly leaves it to the jury to determine and decide its meaning. The charge is not properly expressed under the exception to the general rule as to the duty to retreat, as defined and declared in Matthews v. State, 192 Ala. 1, 68 South. 334, and Madison v. State, 196 Ala. 592, 71 South. 706. See, also, Mann v. State, 134 Ala. 1, 32 South. 704; Andrews v. State, 150 Ala. 56, 43 South. 196.

[8] The same rule of law stated in written charge 15, requested by the defendant and refused by the court, was fairly and substantially covered by the oral charge of the court, and charge 1 given by the court at the request of the defendant. Section 5364, Code 1907, as amended Gen. Acts 1915, p. 815.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.