(127 So. 253)

## GRAVES v. STATE.
### 6 Div. 597.

Court of Appeals of Alabama.
Jan. 21, 1930.

Rehearing Dismissed March 18, 1930.

Wilder & Boner, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

So far as may be necessary to a decision of this appeal, the facts tending to prove defendant's case were to the effect that defendant bore a good general character and a good character for peace and quiet; that she was in her own home; that deceased began by using insulting words towards defendant's family; that deceased told defendant to meet her on the back porch and she would "topple her over;" that defendant declined to meet deceased, but, on the contrary, latched her door to prevent deceased coming in; that deceased started towards defendant's door when she was caught by a girl named Johannah who tried to detain deceased; that as deceased approached defendant's door defendant warned her several times not to come in, notwithstanding which deceased pushed open the door and came on in with an ice pick drawn back in her hand and said, "You G—— d—— s—— of a b—— I told you I was going to kill you; I'm going to stab you as many times as I can see you;" that while deceased was advancing, as above set out, defendant fired one shot, which said shot killed deceased and wounded Johannah who was trying to prevent deceased from going on.

There were many charges requested in writing by defendant and refused by the court, all of which were either covered by the court in given charges, or they were bad charges, except refused charge "B" as follows:

"I charge you gentlemen of the jury, that there was no duty on the defendant to retreat from her own home and if the deceased, at

the time of the fatal shooting, was advancing on the defendant, and she, the defendant, was free from fault in bringing about the difficulty, and had reasonable apprehension that her life was in danger or that she was in real or apparent danger of suffering serious bodily harm, she would have been justifiable in repelling the attack of the deceased even to the extent of taking her life, and in that event you should acquit the defendant."

This charge should have been given. If the defendant was free from fault in bringing on the fatal difficulty, and at the time she shot was apparently in imminent peril of life or limb, she was under no duty to retreat from her own home. Medlock v. State, 114 Ala. 6, 22 So. 112. It is true the court in its general charge touched on this principle, stating it in a general way, but we do not think sufficient emphasis was put upon the statement so as to overcome the error in refusing the charge.

A motion for a new trial appears in the record proper, accompanied by affidavits as to newly discovered evidence, but the motion does not appear by the bill of exceptions to have been acted upon by the court, at least there is no exception reserved to any action of the court in this regard.

For the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

#### On Rehearing.

SAMFORD, J.

The appellant filed his brief in this case on submission as required by the rule. No brief for appellee came to the hands of the court. Under rule 38, Supreme Court, the application is stricken.

Application stricken.