261 So.2d 783

**Bennie Lee DAVIS**

v.

**STATE.**

**1 Div. 164.**

Court of Criminal Appeals of Alabama.

March 7, 1972.

Rehearing Denied March 28, 1972.

J. D. Quinlivan, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment charges murder in the first degree to which the appellant was duly arraigned, accompanied by counsel, and the cause thereafter set for trial. The arraignment occurred at the Fall 1970 Term, and the trial date was set for March 1, 1971. Trial resulted in judgment and sentence of life imprisonment; hence this appeal.

The State's evidence in the case consisted principally of testimony of children of the decedent and the appellant, who described a Saturday evening in midsummer wherein their mother had returned home from work, fixed dinner, dressed, and gone out with their father to a local night spot. The children were left in care of a baby sitter, and the testimony further revealed that in the early hours of the following morning the couple returned home. The couple were overheard arguing over money; the appellant grabbed the deceased by the collar and shook her; the appellant picked up a glass vase and struck the deceased on the head with same. The evidence is conflicting thereafter as to which of the parties first seized a kitchen butcher knife, a new one, but, in the ensuing struggle, the appellant was cut on the lip, and the deceased was stabbed twice in the right chest which wounds penetrated the lung, and in the opinion of the coroner was the cause of death. There was evidence that both parties had been drinking. The appellant was arrested the following day by Police Officer Shannon Pool who told of a brief statement "volunteered by the appellant" before *Miranda* warning (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694). The able trial judge excluded two purported statements which were made without the accused being advised of his constitutional rights but admitted the brief volunteered statement. We believe these rulings correct.

During the trial judge's oral charge to the jury, he cited and read from the case of McMichen v. State, 34 Ala.App. 300, 39 So.2d 47, on the elements of self defense. At the close of this, we find the following:

"THE COURT: Are there any exceptions to the Court's charge, Mr. Quinlivan?

"MR. QUINLIVAN: Yes, Judge. I have two.

"THE COURT: State them.

"MR. QUINLIVAN: Judge, I don't know whether you would give them if I stated them in the presence of the jury. I might be doing something wrong.

"MR. CLAY: I don't care, Your Honor. Let him go ahead.

"THE COURT: Go ahead.

"MR. QUINLIVAN: Except to that portion of the charge that the defendant must retreat unless no safe way to escape or retreat existed. That's the first one.

"THE COURT: Let me state this to the jury. Ladies and gentlemen of the jury, what he's saying is true in this respect. A man, under our legal system, is not required to retreat in his own home or abode. In this particular case, the deceased and the defendant were husband and wife, but usually a man is not required to retreat in his own home. But you have made your exception. Now, what else?

"MR. QUINLIVAN: Except to the Court's charge that flight from the scene may be considered as evidence against the defendant in this case.

"THE COURT: Your exceptions are noted."

It is apparent that the able trial judge thus modified his oral charge on the issue of duty to retreat within the home.

The exception by counsel, above-quoted, thus protects the record insofar as review in this court is concerned. In Davis v. State, 40 Ala.App. 118, 112 So.2d 353, we held:

"Where, as here, the extended charge does not cure the error of the original charge to which an exception was reserved, but continues the error, we do not think the failure to again except should be deemed a waiver of the original exception. . . . ."

If the jury finds that the other two elements of self defense are here present (eminent peril and freedom from fault in bringing on difficulty), then the vice in the court's oral charge is the use of the term *usually* when referring to the duty to retreat within the home. In the dwelling or place of abode of husband and wife, the two may live there, and such "does not take away from either in favor of the other the right to stop there and defend himself. —Jones v. State, 76 Ala. 8." Hutcheson v. State, 170 Ala. 29, 54 So. 119. See also, Terry v. State, 21 Ala.App. 100, 105 So. 386; Graves v. State, 23 Ala.App. 474, 127 So. 253; Springfield v. State, 96 Ala. 81, 11 So. 250.

We pretermit consideration of the claim of prejudicial error during oral argument wherein the Assistant District Attorney referred to the deceased as "the mother of six children." While, as here, it could be argued that all evidence once admitted is subject to comment by counsel, even if patently illegal, yet, if such was not objected to, it is before the jury and is proper matter for argument. See Birmingham Railway & Electric Co. v. Wildman, 119 Ala. 547, 24 So. 548. See also 79 A.L.R.2d 890, Section 9 at 919. Yet we note with approval the prior opinions of this court on similar argument in Thomas v. State, 18 Ala.App. 268, 90 So. 878; Skeggs v. State, 24 Ala.App. 307, 135 So. 431, cert. denied 223 Ala. 221, 135 So. 433; Lowman v. State, 38 Ala.App. 612, 91 So.2d 697, as we do

not believe such argument will arise again on retrial.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.

PRICE, P. J., and CATES and ALMON, JJ., concur.