**STATE of Maine**

v.

**John Kenneth LAVERTY.**

Supreme Judicial Court of Maine.

Argued June 13, 1985.

Decided July 17, 1985.

**832**

Charles K. Leadbetter, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

Ricky L. Brunette (orally), James R. Bushell, Portland, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

After a jury trial in Superior Court (Cumberland County) on a charge of murder, defendant John Kenneth Laverty was convicted of manslaughter. (17–A M.R.S.A. § 203 (1983 & Supp.1984–1985)). He now appeals, arguing that the Court erroneously instructed the jury with regard to several defenses that were offered. In addition, he argues that there was insufficient evidence to support the conviction. We find that the evidence is sufficient; we conclude, however, that the presiding justice committed reversible error in instructing the jury on the duty to retreat in self-de-

fense. We vacate the judgment of conviction.

**I.**

■ Because of our disposition of this case it is not necessary to state the facts in detail. The charge against defendant arose out of the stabbing of Mark Gilbert on March 2, 1984. Defendant and Mr. Gilbert resided together at 29 Longfellow Street, Portland, Maine, and the stabbing took place within the residence.

Initially, we find that the evidence, viewed in the light most favorable to the State, would rationally support the conclusion that defendant is guilty beyond a reasonable doubt of the crime of manslaughter. *See State v. McNally*, 443 A.2d 56, 60 (Me.1982).

**II.**

The issue of self-defense was generated by the evidence and the presiding justice instructed the jury in that regard. His instruction included the following:

A person, our law tells us, the Legislature tells us, is justified in using deadly force upon another person when he reasonably believes it is necessary and he reasonably believes that the other person is about to use unlawful deadly force on him. However, a person is not justified in using deadly force if he knows he can with complete safety retreat from the encounter.

The record does not disclose that defendant objected to this instruction, nor did he request an additional instruction. On appeal to this Court, however, he contends for the first time that the presiding justice erred in failing to instruct the jury that in his own dwelling place, an individual has no duty to retreat before using deadly force in self-defense.

We agree that the omission was error. 17–A M.R.S.A. § 108(2)(C)(3)(a) (1983) provides in part:

However, a person is not justified in using deadly force as provided in paragraph A, if:

.    .    .    .    .

He knows that he ... can, with complete safety

... retreat from the encounter, *except that he ... is not required to retreat if he ... is in his dwelling place and was not the initial aggressor;* ...

(emphasis supplied).

Both parties agree that defendant Laverty was in his "dwelling place" when he stabbed Mark Gilbert, a co-dweller. In a majority of jurisdictions, the "dwelling place exception" to the retreat rule is applicable even if the assailant is a co-dweller. *See, e.g., Davis v. State,* 48 Ala.App. 58, 261 So.2d 783, *cert. denied* 288 Ala. 741, 261 So.2d 785 (1972); *Thomas v. State,* 266 Ark. 162, 583 S.W.2d 32 (1979); *People v. Lenevich,* 394 Mich. 117, 229 N.W.2d 298 (1975); 2 C. Torcia, *Wharton's Criminal Law,* § 126 at 135 (1981 & Supp.1984). *But see State v. Shaw,* 185 Conn. 372, 441 A.2d 561 (1981); *State v. Provoid,* 110 N.J. Super. 547, 266 A.2d 307 (1970). In at least one state, the Legislature has expressly limited the dwelling place exception to when the assailant is *unlawfully* in the defendant's dwelling place. *See* Mass.Gen. Laws Ann. ch. 278, § 8A (West Supp.1985). Given the clear and unambiguous language of section 108, we conclude that the "dwelling place exception" to the retreat rule is applicable even if the assailant is lawfully present. Unless the statute itself discloses a contrary intent, the plain meaning of the words controls. *State v. Hudson,* 470 A.2d 786, 788 (Me.1984); *State v. Vainio,* 466 A.2d 471, 474 (Me.1983). Thus, a complete instruction negating the duty to retreat in one's own dwelling place was directly relevant.

We find the omission of such an instruction to be an obvious error affecting a substantial right. *See State v. Daley,* 440 A.2d 1053, 1055 (Me.1982). Given the variety of factual accounts put before the jury, the jury could have found that the defendant was justified in using force in defense of himself. In light of these circumstances, we cannot say that "beyond a reasonable doubt the jury would not have resolved the issue differently had they been properly instructed." *State v. Powell,* 452 A.2d 977, 978 (Me.1982).

Because we vacate the judgment of conviction, it is unnecessary to discuss the remaining claims of error raised in the parties' briefs.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.