**STATE of Maine,**

v.

**Vincent GRANT.**

Supreme Judicial Court of Maine.

Argued June 9, 1986.

Decided July 10, 1986.

Christopher Almy, Dist. Atty., Philip Worden, Asst. Dist. Atty. (orally), Bangor, for State.

Carl D. McCue (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, Vincent Grant, appeals from the judgment of the Superior Court (Penobscot County) entered after a jury-waived trial in which he was convicted of seven counts of Gross Sexual Misconduct, (Class C) 17–A M.R.S.A. § 253(2)(B) (Supp. 1985–1986), two counts of Unlawful Sexual Contact, 17–A M.R.S.A. § 255(1)(A) (Supp. 1985–1986), and one count of Unlawful Sexual Contact, 17–A M.R.S.A. § 255(1)(C) (Supp.1985–1986). Challenging only his conviction of the gross sexual misconduct charges, he contends, *inter alia*, that the presiding justice erred in concluding that Class C gross sexual misconduct is a lesser included offense of Gross Sexual Misconduct, (Class A) 17–A M.R.S.A. § 253(1)(A) (Supp.1985–1986). We agree and vacate the gross sexual misconduct convictions.

The defendant was indicted on seven counts of Class A Gross Sexual Misconduct, 17–A M.R.S.A. § 253(1)(A). Section 253(1)(A) provides that a person is guilty of gross sexual misconduct "[i]f he engages in a sexual act with another person and [t]he other person submits as a result of compulsion." [1] Compulsion is defined as:

physical force, a threat of physical force or a combination thereof which makes a

person unable to physically repel the actor or which produces in that person a reasonable fear that death, serious bodily injury or kidnapping might be imminently inflicted upon that person or upon another human being.

17–A M.R.S.A. § 251(1)(E) (1983).

The critical issue at trial was whether the defendant's two stepdaughters submitted to the sexual acts as a result of compulsion, as alleged in the indictment. The presiding justice concluded that although the evidence demonstrated that the victims had in fact acted under a threat each time they submitted to their stepfather, the evidence did not establish beyond a reasonable doubt that this threat rose to the level of producing a reasonable fear that death, serious bodily injury, or kidnapping might be imminently inflicted upon them or another human being. He nevertheless convicted the defendant of Class C gross sexual misconduct, section 253(2)(B), finding it a lesser included offense under section 253(1)(A), the offense charged. Section 253(2)(B) provides:

A person is guilty of gross sexual misconduct

2. If he engages in sexual intercourse or a sexual act with another person and:

B. He compels or induces the other to engage in such sexual intercourse or sexual act *by any threat.*

(emphasis added).

The test for a lesser included offense is whether, comparing the two legal definitions of the two crimes, one must conclude that the lesser offense is necessarily committed whenever the greater is. 17–A M.R.S.A. § 13–A(2)(A) (1983); *State v. Ashley*, 490 A.2d 226, 228 (Me.1985); *State v. Atkinson*, 458 A.2d 1200, 1203 (Me.1983).[2]

---

1. Section 253(1)(A) provides in full:

A person is guilty of gross sexual misconduct
1. If he engages in a sexual act with another person and:
A. The other person submits as a result of compulsion, as defined in section 251, subsection 1, paragraph E.

2. Title 17–A M.R.S.A. § 13–A(2)(A) provides as follows:

2 For purposes of this section, a lesser included offense is an offense carrying a lesser penalty which:
A. As legally defined, must necessarily be committed when the offense or alternative thereof actually charged, as legally defined, is

The precise issue before us is therefore whether "any threat" is necessarily made whenever there is "physical force, a threat of physical force, or a combination thereof." Clearly, "a threat of physical force" would necessarily include "any threat" under section 253(2)(B). However, we reject the State's contention that the actual use of physical force necessarily includes a threat.

It is well settled that unless the statute itself discloses a contrary intent, the plain meaning of the words controls. *See State v. Laverty*, 495 A.2d 831, 833 (Me.1985); *State v. Hudson*, 470 A.2d 786, 788 (Me. 1984). Here, section 251(1)(E), in defining compulsion for purposes of section 253(1)(A), sets forth two alternative means by which such compulsion may be carried out: physical force or a threat of such force. That the two terms are separate and distinct is made manifest by the phrase "or a combination thereof" that immediately follows "physical force, a threat of physical force" in the statutory definition. In light of the explicit recognition in the statute that physical force and a threat of physical force are two separate concepts, it cannot be said that the use of physical force necessarily includes a threat of physical force. For example, if one approaches another from behind and causes that person to become unconscious, and then proceeds to subject the victim to a sexual act, one cannot say that a threat was made since the victim's lack of awareness precludes the production of fear in that person. *See State v. Ricci*, 507 A.2d 587, 588 (Me.1986). In short, by definition, to commit a sexual act by compulsion is not necessarily to commit a sexual act by "any threat." We hold, therefore, that Class C gross sexual misconduct is not a lesser included offense of Class A gross sexual misconduct since it is possible to commit the Class A gross sexual misconduct as defined without necessarily committing Class C gross sexual misconduct as de-

fined. Accordingly, the presiding justice erred in concluding otherwise.

The entry is:

Judgments of conviction for gross sexual misconduct (Class C) on Counts I through VII of the indictment vacated; remanded to the Superior Court for entry of judgment of acquittal of the offenses charged by or included within said Counts I through VII.

Judgment of conviction on the three remaining counts of unlawful sexual contact affirmed.

All concurring.

---

committed. If the lesser offense is defined in a manner that it may be committed in alternative ways, each alternative which meets the above definition shall be deemed to be a lesser included offense. Facts which are a basis for sentencing classification of either the crime charged or the lesser crime shall be considered alternatives of those crimes.